McGowan, tax-collector, *et al. vs.* The Savannah Mutual Loan Association.

Stock in a building and loan association or other association of like character, represented by shares upon which no advance or loan has been made to the owner of such shares, is liable to taxation at its true market value. And by the sixth section of the general tax act of Dec. 22, 1884, the association was required to return this class of stock and pay the tax thereon. The proviso in said section touching loans secured by real estate cannot, consistently with the constitution, be construed to exempt from taxation any stock whatever of the class described, or any part of its true market value.

April 9, 1888.

Tax. Stock and stockholders. Building and loan associations. Constitutional law. Before Judge Adams. Chatham superior court. June term, 1887.

Reported in the decision.

J. R. Saussy, for plaintiff in error.

Lawton & Cunningham, *contra.*

Bleckley, Chief Justice.

The shareholders in this association owned shares to the

number of six hundred, 194 of which have not been borrowed or advanced upon. The aggregate value of these unadvanced shares is $59,170. The shares advanced upon by way of loans secured by real estate, amount to $94,-977, and the loans secured otherwise than on real estate amount to $28,853. Upon returns to the tax-receiver of Chatham county, made by the president of the association, the receiver assessed the corporation upon the shares not advanced on, estimating them as they were returned at $59,170. This was the only tax, so far as appears, that was imposed upon this corporation. There was no assessment either on the $94,977 secured by real estate, nor upon the $28,853 otherwise secured. A *fi. fa.* issued for the taxes on this assessment, and the corporation tendered the tax on $28,853, the amount of its loans not secured by real estate. The collector refused to accept this tender; and thereupon the corporation filed a bill to enjoin the collection of any more tax than it thus tendered. The motion for injunction was heard in term, and a demurrer to the bill filed by the defendant was overruled and the injunction granted. The question now is whether this was a correct disposition of the case.

This tax was assessed for the year 1886; and the statute which governs it is the sixth section of the act of December 22, 1884. (See acts of 1884–5, pp. 24, 25.) It reads as follows: " Be it further enacted, etc., that the presidents of all building and loan associations, and other associations of like character, shall be required to return to the tax-receiver of the county where such associations are located, at its true market value, the stock of such associations owned by the stockholders thereof, upon which, as shown by the books of such associations, no advance has been made, or money borrowed thereon, by the individual stockholders therein, to be taxed as other moneyed capital in the hands of private individuals is taxed; provided, that no tax shall be required of real estate and building associations to be paid upon any portion of its capital

which has been loaned or advanced to a shareholder upon real estate, upon which real estate tax is payable by said shareholder."

This enactment is perfectly clear, if we exclude the proviso; it is manifest beyond all possible doubt that it contemplates the taxation of this class of stock at its market value, just as all the citizens of the State are taxed upon all property, money, capital and credits of every kind which they own. And it is obvious that, under the system of taxation prescribed by the constitution, equality requires that tax shall be paid upon this class of wealth just the same as upon any other. So that if this proviso be construed to exempt from taxation so much of this stock as may be represented in the hands of the association by loans, secured or not secured by real estate, it would be precisely equivalent to any other form of exemption, and the constitution would require us to pronounce it invalid. We think that it admits of a construction which will reconcile it with the constitution, and that is, that the proviso does not qualify the preceding matter of the sections, but is intended simply as a caution against applying the section to loans which are secured by real estate,—loans, not stock. When stock is advanced upon to its full value, instead of being worth anything as stock or having any market value, it is worse than nothing, because the holder, though he can never derive anything from it, is subject to future assessments. It would be perfectly just and right to exempt that class of stock from taxation, because it does not represent any value whatever. But stock which has not been advanced upon is not lessened in its value in any way by the manner in which the loans of the association are secured. Unadvanced stock is worth to the stockholder its market value (and that is all that is taxed), no matter how the loans of the association may be secured. The proviso is utterly irrelevant to the taxation of the stock which has a market value, and its relevancy, if it has any to stock, is confined to the stock

which has no market value.    So we think that beyond all doubt, it is necessary to construe the body of this section in the way we do to reconcile it with the constitution.

Of course, while the association is taxed upon this stock, it has or may have recourse to the owners for reimbursement.    Such is the system of the law in the taxing of bank stock; the corporation is required to return it and pay the tax on it; but if it is necessary to equalize the matter as among the stockholders, the corporation can require the stockholder to pay the tax to it.    This is simply a scheme to reach this class of stock conveniently, by making the corporation return it and pay taxes upon it, instead of the owner of the stock; and we think that the owner is not required to return it to the tax-receiver, but that return and payment by the association is all with which the public is concerned, the adjustment of the matter to reach equality among the stockholders being left to the corporation and the stockholders to make among themselves.    This method of taxing building and loan associations was brought into the tax laws first by the act of 1882, (acts 1882–3, p. 37.)    The act of 1884 is a substantial re-enactment of the previous act.    Before that time, to-wit, in 1880, by the act of December 7th, (acts 1880–1, p. 29,) it was enacted that the presidents of all building and loan associations, or other associations of like character, shall be required to make returns to the receiver of tax returns of the county where such association is located, of all their capital or money invested in loans, to be taxed as other money or capital in the hands of private individuals is taxed.

That act subjected all money and loans to taxation; but the legislature, very properly I think, changed that system by the act of 1882–3.    It is possible that this proviso has some sort of relation to the act of 1880, or to the general law of taxation, and intended to leave all loans not secured by real estate taxable, while excepting those so secured.    That is probably the true system of taxation

now with reference to building and loan associations; and if so, it would follow that, instead of being taxed too much, this corporation is taxed too little. It may be that the association would be subject to taxation not only on $59,-170, but on the $28,853 in addition. We are confident that it is taxable on the $59,170, and that was all the tax claimed by the receiver and collector of Chatham county, and there should be no arrest. of the process for its collection.

Judgment reversed.