MAYOR & COUNCIL OF MACON *v.* MACON CONSTRUCTION CO..

The municipal government of the city of Macon has no authority of law to levy and collect from a business corporation, having an office and doing business in the city, a tax upon the capital stock, as such, of the corporation itself. The authority given to the mayor and council by the act of December 11th, 1871, "to levy and collect a tax upon all property, real and personal, within the limits of the city; upon banking, insurance and other capital employed therein," etc., authorizes the taxation by the city of all property a corporation may actually own and of all capital it may actually employ, within the limits of the city; but this power does not extend to the taxation of the capital stock of the corporation as a part of its property or assets, the stock being, so far as the corporation is concerned, a liability.

July 30, 1894.

Equitable petition. Before Judge GRIGGS. Bibb· superior court. November term, 1893.

DESSAU & HODGES, W. M. WIMBERLY and C. L. BART-- LETT, for plaintiff in error.

GUSTIN, GUERRY & HALL, *contra.*

LUMPKIN, Justice.

The only question in this case is whether or not, under that provision of the charter of Macon authorizing the mayor and council " to levy and collect a tax upon all property, real and personal, within the limits of the city; upon banking, insurance and other capital employed therein," the municipal government has a legal right to· levy and collect from a business corporation, having an

office and doing business in the city, a tax upon its capital stock, as such.

There can be no doubt that, under the act of December 11, 1871, from which the above quotation is taken, the municipal government of the city of Macon may tax all the property owned by the Macon Construction Company, and all the capital that company may actually employ, within the limits of the city; but the capital stock of the company is neither property owned by it, nor capital which it employs. The stock issued by a corporation is not property owned by it. Such stock is in no sense assets, but on the contrary, is a liability. Stock in an incorporated company is held and owned by the stockholders. As to them, it is property, and may, or may not, be subject to municipal taxation; but relatively to the corporation itself, it is not property at all. Neither a natural nor an artificial person can properly be said to own a *chose in action*, or written instrument of any sort, which merely evidences the fact that he or it is liable to or indebted to another.

*Judgment affirmed.*