GEORGIA STATE B. & L. ASSOCIATION *v.* MAYOR AND ALDERMEN OF SAVANNAH *et al.*

When by the terms of an act the president of a building and loan association is required to return to the tax-receiver of the county where such association is located, at its true market value, the stock owned by the stockholders thereof upon which no advance has been made, the tax so imposed is not a tax against the corporation, but is against the property of the individual holders, and is a plan adopted by the legislature to conveniently reach this class of stock in the hands of the owner, and is not imposed as a franchise, but a property tax. When the same act provides that the taxes so required shall be in lieu of all other taxes and licenses, whether State, county, or municipal, against said associations (except a business license), the latter provision is inoperative and void, and is in violation of the constitutional provision requiring all taxation to be uniform and ad valorem.

Argued June 3, 1899.—Decided January 26, 1900.

Petition for injunction. Before Judge Falligant. Chatham county. March 30, 1899.

*C. G. Tiedeman*, and *Saussy & Saussy*, for plaintiff.
*Samuel B. Adams*, for defendants.

Little, J. The Georgia State Building and Loan Association of Savannah presented to the judge of the superior

court of the Eastern circuit a petition making substantially the following case: Petitioner is an interstate building and loan association, chartered under the laws of the State of Georgia, having its principal office in the City of Savannah, and having stockholders residing in a number of States, including the State of Georgia. The business of petitioner is strictly that of a building and loan association, that is, lending its funds to its members only, and all securities held by it represent advances made by it to its stockholders upon real estate and stock collateral, and its other property consists of office furniture and real estate acquired by purchase upon foreclosure of liens for advances, or which has been taken in settlement of indebtedness due by its members. Petitioner has made its return for taxes to the State and county for the year 1898, in accordance with the requirements of the act of the General Assembly, and has paid to the Mayor and Aldermen of the City of Savannah, a municipal corporation of said county and State, the license fee demanded for the year 1898, and has paid said corporation all taxes legally demanded of it for the year 1898. The City of Savannah assesses the value of real estate for taxation without return of the same by the owner, and requires each resident to make an annual return of personal property to its board of tax-assessors. During the month of January, 1898, petitioner made a return, fixing the value of its office furniture at five hundred dollars, and the value of its mortgages and liens at twenty-seven thousand dollars. The return as to the value of mortgages was made without an admission that the municipal authorities had a right to assess and levy a tax upon such securities, but as a matter of compromise and in accordance with a plan agreed on between the municipal corporation and petitioner. The tax-assessors of the city declined to receive the return as to mortgages and liens, and arbitrarily assessed the mortgages held by petitioner at the sum of two hundred and fifty thousand dollars, and the municipal corporation has levied a tax in accordance with such assessment. Petitioner has refused to pay that tax, because it is illegally assessed, and the city has caused a tax fi. fa. to be issued and levied on the real property and office furniture of

petitioner situated in the City of Savannah, and is proceeding to advertise and will sell the same to satisfy the fi. fa., unless restrained.  Petitioner alleges that said municipal corporation has no power to levy or assess any taxes against building and loan associations except upon their real estate, and if the city ever had such power it has been abridged, suspended, and revoked by the act of the General Assembly which reserved to the State the exclusive right to tax such association in a particular manner, and has expressly rescinded the right and power of the municipality to impose a tax on the property of such associations.  The tax assessed is contrary to the laws of the State and violative of the legal rights of petitioner.  It prays that the writ of injunction do issue, restraining the city, its agents and servants, from interfering with the property of petitioner under said tax fi. fa.; that the said assessment and levy of tax be declared illegal and void; and that the tax fi. fa. be decreed to be canceled.  In answer to the rule to show cause, the Mayor and Aldermen of the City of Savannah set up that the tax execution assailed is legal and valid, and that petitioner is subject to the tax demanded.  On the hearing, after the introduction of evidence tending to support the allegations of fact made in the petition, the judge of the superior court refused to grant the injunction, and to his order so refusing the plaintiff excepted.

A number of questions of greater or less importance are made or suggested in the pleadings and urged in the briefs of counsel; but the main question presented for our determination is, whether section seven of the tax act of 1896 (Acts 1896, p. 27) is violative of par. 1, sec. 2, art. 7 of the constitution of this State, which declares that all taxation shall be uniform upon the same class of subjects, and ad valorem on all property subject to be taxed within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws.  This section provides for a tax upon certain shares of stock of building and loan associations, in the following words:  "The president of all building and loan associations, or other associations of like character, shall be required to return to the tax-receiver of the county where such associa-

tions are located, at its true market value, the stock of such associations owned by the stockholders thereof (upon which, as shown by the books of such associations, no advance has been made or money borrowed thereon by the individual stockholders therein), to be taxed as other moneyed capital in the hands of private individuals is taxed; *provided,* that no tax shall be required of building and loan associations to be paid upon any portion of their capital which has been loaned or advanced to a shareholder upon real estate, upon which real estate tax is payable by said shareholders; *and provided further*, that the taxes required by this section shall be in lieu of all other taxes and licenses, whether State, county, or municipal, against said association, except a business license by the town or city in which the principal office of any such association is located, and except a fee required to be paid the State treasurer by act approved October 19, 1891." It is contended by the City of Savannah, that the second proviso of said section in effect exempts from municipal taxation the property of the building and loan associations which is held or located in the City of Savannah, and that for this reason the said section of the act is unconstitutional and void. On the contrary, three propositions are submitted by counsel for the plaintiff in error, as a basis for the contention that this method of imposing taxes on building and loan associations is not violative of the constitutional provision. These are : (1) That the proviso to the section creates no exemption of property from taxation, but, as a municipal corporation can impose no tax without an express grant of power, the proviso found in the section operates as a limitation of the right of the city to impose a tax on the property of building and loan associations. (2) That this proviso is a legislative declaration against double taxation. (3) That the tax imposed is a franchise and not a property tax.

It may be well to note, in passing, that the general tax act of 1884 contains an exactly similar section, saving and excepting the second proviso, and that in the case of *McGowan* v. *Savannah Mutual Loan Association,* 80 *Ga.* 515, the terms of the section were construed by this court; but the ruling did not involve the question of the constitutionality of the method

of taxation there adopted, but only the construction of the body of the section together with the only proviso found therein; and it is not necessary for our purposes further to consider the ruling in that case, as the question in the case at bar turns largely upon the legal effect of the second proviso, which declares that the taxes required by the section shall be in lieu of all other taxes and licenses, whether State, county, or municipal, with the exception of a license tax by the city in which the principal office of the association is located.

It would be a work of supererogation at this late day to enter into a discussion, or cite authorities, to show that under the system of taxation prescribed by our constitution the property of all persons and corporations, unless exempted, is not only to be taxed but must be taxed on the basis of value. Under its provisions, property of every kind, real estate, money, choses in action, movables, are, as a rule, not only subject to tax but, taking value as a basis, subject to the same rate of tax; that is to say, the owner of land of the value of one thousand dollars must pay to the government, as a contribution for protection and support, the same number of dollars as the owner of personal property of the value of one thousand dollars pays —no more, no less; and property of all kinds is, by a proper interpretation of our statute, placed in one class as a subject of taxation. And not only so, but taxation shall be uniform on all property subject to be taxed; and this is true whether the tax is imposed by the State, by the county, or by a municipal corporation. The fundamental object sought to be accomplished under the provisions of our law in relation to taxation is equality, and that the rich man, the poor man, the corporation, the association, shall alike contribute to the support of the government on the basis of the value of the property owned, and that all taxation imposed in this State shall be on this equitable plan; and any method of the taxation of property which is not uniform and ad valorem is illegal and contrary to the plain mandates of the law. *Verdery* v. *Summerville*, 82 *Ga.* 138; *Athens City Waterworks Co.* v. *Athens*, 74 *Ga.* 413; *Mayor and Aldermen of Savannah* v. *Weed*, 84 *Ga.* 686; *Wells* v. *Savannah*, 87 *Ga.* 400; *Mundy* v. *Van Hoose*,

104 *Ga.* 292; *McLendon* v. *LaGrange*, 107 *Ga.* 356. Par. 2, sec. 2, art. 7 of the constitution declares what property is exempt from taxation. These subjects are purely religious, charitable or educational, and, except as named, no property in this State is free from the burden of taxation. Taking the principles above announced as true, we come now to consider whether the legal effect of the section of the tax act brought under review is to exempt the property of building and loan associations from this general rule of taxation, or whether the General Assembly, in the passage of .the act, sought to limit the power of the municipal authorities of the City of Savannah in imposing a tax on the property of building and loan associations. In an appendix to the Code of 1882, laws having reference to the City of Savannah were codified. These laws, where they have not been changed by the General Assembly, are in full force, and by section 4847 of that code it will be found that the General Assembly invested the municipal authorities of the City of Savannah with "full power and authority to make such assessments, and lay such taxes, on the inhabitants of said city and those who hold taxable property within the same, and those who transact or offer to transact business therein, as said corporate authorities may deem expedient for the safety, benefit, convenience, and advantage of said city, and may enforce the payment of such assessments and taxes in such manner as said mayor and aldermen may prescribe. Besides real and personal property, said mayor and aldermen may tax capital invested in said city," etc. So that, by the laws of the State, the municipal authorities of the City of Savannah are, and have long been, invested with full power and authority to levy and collect a tax for the benefit of said city, on the real and personal property therein, which tax, since the adoption of the constitution of 1877, is to be laid and collected under the provisions of that instrument. *Verdery* v. *Summerville,* supra. It is hardly to be presumed that the General Assembly, in the passage of the tax act of 1896, either intended or endeavored to withdraw from the authorities of the municipal corporations of the State any of the powers in relation to taxation which had theretofore been conferred, and.

which are so necessary for the maintenance of the municipal government. Certainly no such intention is expressed in clear words, and no inference that it existed can be drawn except from the inhibitory proviso; and if such could be conceived to have been the intention of the framers of that act, it is somewhat singular that it existed only as to the property of building and loan associations and one or two other particular classes of corporations. It may not be amiss to say, that if it was the intention of the General Assembly to limit the power of the municipal authorities to tax the property of the corporations referred to, then a serious question would arise as to the power of the municipality to tax similar property of other corporations and persons under the general legal duty to tax all property alike; and we can not assume, from the language of this section, that it was the purpose of the General Assembly to make such a distinction in the taxing power of municipal corporations as would entail this serious consequence.

The section of the act under consideration provides for a tax on such shares of stock of building and loan associations as have not been advanced on. These shares are property, and the section in general terms declares that they shall be taxed as other property. By implication, no tax is to be imposed on such shares as have been advanced on, presumably for the reason, as stated by Chief Justice Bleckley in the *McGowan* case, supra, that shares advanced on have no value. We will not stop to discuss the question whether such shares have value, but will only say that if they have, they are taxable, and if they have none, they are not. We call attention to the fact that, after declaring that taxes shall be imposed on the shares of stock described, it is further declared that such taxes "shall be *in lieu* of all other taxes and licenses, whether State, county, or municipal, against said corporations" (except a business license, etc.); that is to say, that the taxes imposed shall, as to the association, be in place of all other taxes—that not only cities, towns, and counties, but even the State shall impose no further tax; and if the words used are to be construed as a withdrawal of the power of a city to impose a tax on the property of the association, it would likewise be a declaration of

the withdrawal of the right of the State to tax in any other way. Manifestly a conclusion reaching this result is not good; but, construing section 7 as a whole, the better interpretation is that the purpose of the legislature was to fix a tax upon certain shares of the association, which it deemed a fair and equitable mode of taxation, and that having paid a tax to the State on this basis, no other tax of any kind or character should be imposed upon it either by the State or by any county or city. In other words, by this act, the General Assembly undertook to fix an arbitrary basis of taxation against these associations, which should stand in the place of any other property tax, evidently upon the idea that the taxing power had a right, in raising the revenue necessary for the support of the government, to classify subjects of taxation. This our constitution forbids, when applied to property. . We are not prepared to say that, from the nature of the property to be taxed, a plan may not be devised for assessing and collecting taxes otherwise than by direct imposition of the rate upon specific items which together constitute an industrial or transportation enterprise. Whether it may or may not be done is a matter with which we are not now concerned; but if done, the plan, to be legal, must contemplate an assessment which is the equivalent of the rate on other similar property on the basis of value. Certainly this was not contemplated, nor accomplished, by the section of the tax act which is now under consideration. That act, so far as building and loan associations are concerned, made but one item taxable, that is to say, shares of stock. If the association is possessed of other property, land, houses, bonds, mortgages, office furniture, etc., why should not this property also bear its proportion of the burden imposed by the government? Similar property of individuals and other corporations is taxed, and we not only know of no rule of law by which such property can be free of this burden, but we know of no moral reason why it should. But it is said that the section is a legislative declaration against double taxation. There are, in general, four methods of taxing corporate interests. These are—1st, by a tax on the franchise; 2d, on the capital stock; 3d, on the real estate and personal property of the

corporation; 4th, by a tax on the shares of stock in the hands of the stockholders. 1 Cook on Stock, etc., (3d ed.) § 561. See also 2 Redf. Rwys. 453, and authorities cited. It is not incumbent on the taxing power to impose a tax on each, but it may do so; and while, as a rule, double taxation is properly not favored, whether it will be imposed or not rests with the taxing power—originally the legislature. The decision in *Mayor of Macon* v. *Macon· Construction Co.*, 94 *Ga.* 201, is not in conflict with the doctrine here announced. There this court was construing an act which only empowered the municipality to tax property and capital employed, which is, of course, itself property; and it was merely held that the capital stock of a corporation was not a part of its property or assets. But whether or not the object of the legislature in imposing the tax laid by the words of the statute be in fact a declaration against double taxation, yet such declaration can not avail in the presence of the declaration of a superior power, that in all events the property owned by the corporation must be taxed.

But it is argued that the shares upon which no advance has been made are in the nature of capital stock, and that the capital stock of corporations represents the property of such corporations. It is not necessary, in this case, to enter into an argument as to whether taxation of capital stock is the equivalent of an imposition of a tax on property of the corporation. The true rule on that subject, in cases where the doctrine can be applied, seems to be, that unless it is clearly manifest from the terms of the act, taken all together, that it was the intention of the lawmaking power, in imposing a tax on the capital stock, that such stock should represent the·property of the corporation, it will not be held·to be an equivalent for the tax on the property. Railroad Companies v. Gaines, 97 U. S. 697. But in the case we are considering, the capital stock of the corporation, as such, is not taxed at all. The words of the act are, that the president shall be required to return the stock of such associations owned by the stockholders thereof on which no advance has been made. This is not a tax against the corporation. The shares owned by the stockholders are the individual property of the stockholders, and are liabilities

of the corporation and not assets. *Mayor of Macon v. Macon Construction Co.*, 94 *Ga.* 201. ·It may be that under such circumstances the corporation would make payment of this tax a charge on its own funds, but it is not bound to do so. As was said by Chief Justice Bleckley in the case of *McGowan*, supra, "Of course, while the association is taxed upon this stock, it has or may have recourse to the owners for reimbursement . . ; the corporation is required to return it and pay the tax on it; but if it is necessary to equalize the matter as among the stockholders, the corporation can require the stockholder to pay the tax to it. This is simply a scheme to reach this class of stock conveniently, by making the corporation return it and pay taxes upon it, instead of the ·owner of the stock ; . . the adjustment of the matter to reach equality among the stockholders being left to the corporation and the stockholders to make among themselves."· So that the tax imposed by this section is against the individual stockholder on his property, and, as a matter of law, there is no provision made for any kind or character of taxation by the act we are considering, against the property of building and loan associations. Judge Cooley, in his work on Taxation (2d ed.), 231, says: "A tax on the shares of stockholders in a corporation is a different thing from a tax on the corporation itself or its stock, and may be laid irrespective of any taxation of the corporation when no contract relations forbid." Citing 1 Cush. 142; 26 N. J. 181; 47 Pa. St. 106; 21 N. Y. 449; 39 Ill. 130; 15 Ind. 150; 3 Wall. 573; 15 Wall. 300 ; 8 Lea, 406; 32 La. An. 157. There can, therefore, be nothing in the claim in this case that the shares of stock taxed represent the property of the corporation; nor from its nature, as above shown, can it be successfully contended that the tax provided for is anything else but a direct tax on property. We have very carefully considered the elaborate briefs of the able counsel representing the parties in this case, and have only failed to review many of the points made and authorities cited because, in our judgment, the case, under the provisions of our constitution, turns on a few principles which, as we think, have been clearly settled. Necessarily, if **we are right in ruling** that the tax imposed by the act is in legal

effect a tax against the owners of shares and not against the corporation, no argument is required to meet the proposition that such is a franchise and not a property tax.   As we view the case in its entirety, the seventh section of the act of 1896 imposes no tax whatever against the property and effects of a building and loan association, but it simply provides for the assessment and collection of taxes against the holders of free shares therein; and when it declares that such taxes shall be in lieu of all other taxes against said association except a business license, the conclusion is irresistible that the act contravenes the plain language of our constitution and is obnoxious to the system of taxation which is therein adopted, and that it affords no obstacle to the levy and collection of taxes on the property of such associations in the same manner and at the same rate which is imposed on like property of individuals and other corporations.   Whether the amount assessed against the plaintiff in error be just or not is another and a very different question, susceptible of easy solution.   As, however, no special stress was laid here upon that question, but the case was made to turn on the constitutionality of the act of 1896, it must, for the reasons stated, be ruled that the judge committed no error in refusing to grant the injunction.

*Judgment affirmed.   All the Justices concurring.*