JONES *v.* McCASKILL, relator.

A provision in a special act approved December 20, 1899, creating a new char- ter for a designated city of more than two thousand inhabitants, that the board of water and electric light commissioners therein provided for should consist, in part, of two members of the city council, elected by the mayor and council, is unconstitutional and void, because in conflict with the general law contained in section 739 of the Political Code, although on December.21, 1899, that section was amended by providing that nothing therein contained " shall be construed as repealing any provisions to the contrary [thereof] in any char- ter of any city or town in this State."　This is true notwithstanding the fact that such special act provided that the charter should not take effect until it had been submitted to and ratified by a vote of the qualified electors of the city.

Argued December 6,—Decided December 19, 1900.

Quo warranto.　Before Judge Spence.　Dougherty superior court.　September 18, 1900.

*D. F. Crosland*, for plaintiff in error, cited: Acts 1899, pp. 26, 107; Black, Const. Law, 5; 39 *Ga.* 416; 104 *Ga.* 838, 853; Acts 1895, p. 98; Civil Code, §§ 5935, 5732; Black, Int. Laws, 270; 23 Am. & Eng. Enc. L. (1st ed.) 221, 435; 85 *Ga.* 19; 92 *Ga.* 692; 101 *Ga.* 246; 83 *Ga.* 616; 60 *Ga.* 404; 109 *Ga.* 822.

FISH, J.  McCaskill, the relator, brought an information in the nature of a quo warranto, to test the right of Jones, the respondent, to hold the office of member of the board of water and electric light commissioners of the City of Albany.  When the information was filed Jones was holding both this municipal office and that of councilman of the City of Albany, having been, while holding the office of councilman, elected by the city council as a member of the board of water and electric light commissioners.  The contention of the relator was, that, under the provisions of section 739 of the Political Code, Jones, during his term of office as councilman, was incompetent to hold the other municipal office to which the city council elected him.  There was no dispute as to the facts, and the case was heard by the judge of the superior court without the intervention of a jury.  The judge decided that the respondent was holding office as a member of the board of water and electric light commissioners illegally, and, accordingly, rendered a judgment of ouster against him; to which judgment the respondent excepted.

Section 739 of the Political Code provides: "Councilmen and aldermen of the towns and cities of this State shall be incompetent to hold, except in towns of less than two thousand inhabitants, any other municipal office in said towns and cities, during the term of office for which they were chosen; but nothing in this section shall apply to any municipal office which is filled by appointment by the mayor.  Any councilman or alderman appointed during his term to any other municipal office shall resign before being eligible to enter upon the office to which he has been appointed."  Albany is a city of more than two thousand inhabitants; but it is contended by the respondent that this law is not applicable to that city, because it was amended by the act approved December 21, 1899, by adding thereto the following: "provided, nothing herein contained shall be construed as repealing any provisions to the contrary hereof in any charter of any city or town in this State" (Acts 1899, p. 26), and because of such a contrary provision, in reference to the office in question, in the act approved December 20, 1899, creating a new charter for the City of Albany.  (Acts 1899, p. 107.)  This contrary provision is found in section 26 of the last-mentioned act, which provides for a board of water and electric light commissioners consisting, in part, of two members of the city council, elected by the mayor and council.  But this provision of that section of

the charter act is unconstitutional, because it is a special law upon a subject provision for which had already been made by a general law, with which general law it conflicts. The constitution of this State declares that legislative acts in violation thereof are void, and the courts shall so declare them. The provision in the act creating a new charter for the City of Albany, in reference to the election of two members of the city council as members of the board of water and electric light commissioners, being violative of the constitution, was necessarily and absolutely void. The General Assembly had no power to enact it. Being ab initio absolutely void, it never became a part of the charter of the city. Consequently, legally speaking, when the act approved December 21, 1899, amending section 739 of the Political Code was passed, there was nothing in the charter of the City of Albany which conflicted with the provisions of that section, and the proviso added to the section by that act did not affect that charter. That act provides that nothing in section 739 "shall be construed as repealing any provisions to the contrary [thereof] in any charter of any city or town in this State." The act was evidently passed to prevent the repeal, by implication, by the general law of any contrary provision in a municipal charter. Of course, it really could not prevent such repeal, because the repeal had already taken place; its effect could only be to re-enact provisions, in municipal charters, which the general law of this section had repealed. The general law did not repeal the contrary provision in the charter of the City of Albany, for this charter was not in existence when the general law was passed; and as the proviso dealt only with municipal charters some portions of which had been repealed by the enactment of the general law, it was not operative upon the charter of the City of Albany. The proviso restored to municipal charters provisions formerly therein, which when enacted were constitutional, but which had been repealed by the passage of the general law; it did not and could not bring into life and incorporate in a city charter a provision which the General Assembly had sought to place therein but had failed to do so, because of the constitutional prohibition. Its work was that of resurrection, not that of creation.

The municipal charter in question, under the terms of the act creating it, did not take effect until it had been submitted to and ratified by a vote of the qualified electors of the city; and before

this could be done, the act was passed adding the proviso which we have been discussing to section 739 of the Political Code. But this can make no difference, even if this proviso can be considered as operative upon municipal charters granted after its passage, because the act to provide a new charter for Albany took effect, as a legislative enactment, upon its approval by the Governor, though it did not become the charter of the city until it was ratified by the voters of the same. *McGruder* v. *State*, 83 *Ga.* 616. The time with reference to which the constitutionality of an act of the General Assembly is to be determined is the date of its passage, and if it is unconstitutional then, it is forever void.

<div align="center">

*Judgment affirmed. All the Justices concurring.*