# WILKINS et al. v. MAYOR & ALDERMEN OF SAVANNAH.

1. Where a city is proceeding to repave a street and is preparing to have assessments for such improvement levied against the lots of owners abutting on such street, several owners of such lots can join in an

equitable action to enjoin such work and to have the assessments against their lots enjoined on the ground that the municipal authorities are without power to make them, and that the contract between the city and the contractor for such work was illegal and furnished no valid basis for such assessments. In order to prevent a multiplicity of suits, several owners of such abutting lots can join in a common attack upon the validity of such assessments, the city admitting that it was getting ready to levy them against the lots of the plaintiffs. *Sanders* v. *Mayor etc. of Gainesville*, 141 *Ga.* 441, 446 (81 S. E. 215).

2. So much of "An act to alter and amend the several acts relating to and incorporating the Mayor and Aldermen of the City of Savannah, and for other purposes," as authorizes the Mayor and Aldermen of the City of Savannah to assess the entire cost of repaving its streets to the lots of owners abutting thereon, instead of assessing to such lots the proportion of cost assessed against them when said streets were originally paved, is unconstitutional and void, because there was an existing general law applicable in such case when said act was passed.

3. The rule that this court will not interfere with the discretion of the trial judge in granting or refusing an injunction does not apply when the question to be decided is one of law.

No. 2491. FEBRUARY 16, 1922. REHEARING DENIED MARCH 1, 1922.

Petition for injunction. Before Judge Meldrim. Chatham superior court. February 14, 1921.

C. Wilkins, Annie C. Warren, Victor G. Schreck, J. C. Slater, and Kate G. Simkins filed their petition for injunction against the Mayor and Aldermen of the City of Savannah, and made this case: The plaintiffs are owners of lots which front on West Broad street between Indian street and 31st street in the City of Savannah. Said street is now paved between the curbing with vitrified brick. Sections of said street within said limits were paved at various times by the city, under the act of the General Assembly, approved October 1, 1887, whereby the owners of abutting lots on each side of said street were assessed and paid two thirds of the cost of said paving, exclusive of cost of paving the frontage of intersecting streets and lanes, which was paid by the city, and excluding the width of the street-railroad tracks and two feet on each side, the cost of which was paid by the street-railroad company. The city is now undertaking, by various resolutions and proceedings, to remove said vitrified brick pavement on West Broad street, and to repave said street with vibrolithic concrete. For this purpose the city, on January 28, 1921, executed a contract for this work with Dixon Contracting Company, and is now proceeding under color of the act of the General Assembly of Georgia, approved August 18, 1919, known as the "Oklahoma

Plan Act," to levy assessments against, and provide liens upon, the lots of plaintiffs fronting on said street, to pay for the whole cost of such pavement, except for the frontage of intersecting streets and lanes. The City of Savannah has a population of over twenty thousand inhabitants, and has no lawful right to re-new any pavement in said city, except as is provided by section 870 of the Civil Code of 1910. Plaintiffs allege that the act of August 18, 1919 (Acts 1919, p. 1294 et seq.), under color of which the city is proceeding to repave West Broad street, is unconstitutional, because in conflict with article 1, section 4, paragraph 1, of the constitution of this State, which provides that " no special law shall be enacted in any case for which provision has been made by an existing general law."

Plaintiffs allege that the assessments for this repaving, and the liens sought to be fixed upon their lots abutting said street for the payment of the entire cost of said pavement, constitute clouds upon their titles to the lots aforesaid. They pray that the city be enjoined from taking up said vitrified brick pavement, and from repaving West Broad street from Indian to 31st street; from further proceeding to levy any assessments on their lots; and from issuing any street-improvement bonds payable out of said West Broad street assessments.

The city alleges that the pavement on West Broad street had become worn out and unserviceable; that on December 17, 1919, it had adopted a resolution under the provisions of section 22 of the act of August 18, 1919, condemning said pavement, and on December 15, 1920, it had passed a resolution to repave said street between Indian street and 31st street.

The city is proceeding to pave said street under the provisions of sections 10, 12, and 23 of the act of August 18, 1919. The city contends that section 780 of the Civil Code of Georgia, which was amended August 19, 1919, never had any application to the City of Savannah until it was amended; that said code section was enacted in 1890, and that at the time of its enactment the City of Savannah had full power and authority to renew existing pavements under the act of 1887, found in Georgia Laws 1887, p. 537. The city insists that the act of 1887 was not repealed by the act of 1890, embodied in said section of the code, and that when the act of August 18, 1919, was passed there was no general State statute which conflicted with said act of August 18, 1919.

The application for injunction was heard upon the petition and answer, with the admission that the City of Savannah had a population of more than twenty thousand inhabitants. The injunction was refused, and the refusal of the injunction is complained of. The court below denied the injunction on the grounds: (1) because the plaintiffs have an adequate and complete remedy at law; (2) because the unconstitutionality of the act of August 18, 1919, was not made clearly to appear; and (3) in the exercise of his discretion the judge declined to grant a temporary injunction, the average excess amount which the complainants will be required to pay under the new plan over the old being $187.05, for which reason he was not willing to stop this needed public improvement.

*H. W. Johnson,* for plaintiffs.

*Shelby Myrick, Edwin A. Cohen,* and *Lawrence & Abrahams,* for defendant.

HINES, J. (After stating the foregoing facts.) On August 18, 1919, the charter of the City of Savannah was amended, and the city was given the authority to pave and repave its streets, and to assess the entire cost of such improvement to owners of property abutting on the streets so paved or repaved. Ga. Laws 1919, p. 1294 et seq. Plaintiffs, who own lots abutting on West Broad Street in Savannah, the pavement on which had been condemned by the city and the street ordered to be repaved, attacked the constitutionality of so much of the said act of August 18, 1919, amending the charter of the City of Savannah, as authorizes the city to assess the entire cost of repaving its streets to abutting-property owners, on the ground that said act is in conflict with article 1, section 4, paragraph 1, of the constitution of this State (Civil Code, § 6391), which provides that " no special law shall be enacted in any case for which provision has been made by an existing general law."

At the date of the passage of this act there was in force a general law which declares that " the mayor and council or governing authority of any city having a population of over twenty thousand have authority to renew, by the use of any material that may be decided on, or repair any pavement in said city, upon the same terms and conditions, as to assessment of property and street-car companies, as were in force when the pavement was

originally laid." Civil Code, § 870. Here is a general law which gives to municipalities in this State having a population of over twenty thousand authority to renew or repair any pavements within their limits, upon the same terms and conditions, as to assessment of property and street-car companies, as were in force when the pavement was originally laid. The power to renew is the power to repave. *Regenstein* v. *Atlanta,* 98 *Ga.* 167 (25 S. E. 428). In fact the original act from which this section of the code was taken used the words, "pave again," which clearly demonstrates that "renew" in the above section was used for "repaving." Under this general law municipalities could only assess the owners of property abutting on streets for repaving purposes the same percentage of cost assessable under the law when such streets were originally paved. In other words, assessments against owners of abutting property on streets which are repaved must be upon the same terms and conditions as to such assessments of property and street-car companies as existed when the original pavement was put down. If, when the original pavement was laid, the owners of abutting lots could only be charged one third, one half, or two thirds of the cost, then such owners, under this section, can not be charged more when the pavement is renewed or the street repaved. The language, "upon the same terms and conditions as to assessment of property," includes the proportion of the cost which can be charged to owners of lots abutting upon the street which is repaved. Such proportion must be the same as that which could be charged to owners under the law in force when the pavement was originally laid.

When West Broad street was originally paved with vitrified brick this was done under an act entitled "An act to authorize the Mayor and Aldermen of the City of Savannah to require the grading, paving, macadamizing, or otherwise improving for travel or drainage any of the streets or lanes of the City of Savannah; to make and collect assessments for the same, and for other purposes." Ga. Laws 1887, p. 537. Under this act the Mayor and Aldermen of the City of Savannah were authorized "to assess two thirds of the cost of such paving, grading, macadamizing, and otherwise improving, on the real estate abutting on each side of the street or lane improved," and could require any street-railroad company having tracks running through the streets of said city so

improved to macadamize or otherwise pave, as the city might direct, the width of its track and two feet on each side thereof. These were the terms and conditions upon which the lots of owners abutting on streets of the City of Savannah could be assessed for paving or for other improvements of its streets.

By the act of August 18, 1919, the city is authorized to charge for repaving its streets the entire cost thereof to abutting-property owners. This special act was passed when the general law embraced in section 870 of the code was in force, and seems to us to be clearly in conflict with the provision of the constitution of this State which forbids the passage of any special act for which provision had been made by an existing general law. This constitutional infirmity of the act of August 18, 1919, is not cured by the fact that this section of the code was amended on August 19, 1919, providing that "where any change or modification is made in the charter of any city having a population of not less than 65,000 and not more than 100,000, in regard to the method of paving, by an amendment to such charter, provision may be made in such amendment for the renewal and repairing of any existing pavement under the provisions of such amendment." Ga. Laws 1919, p. 81.

This remedy came too late to save the fatal malady of the act of August 18, 1919. *Jones* v. *McCaskill,* 112 *Ga.* 453 (37 S. E. 724).

Counsel for the City of Savannah insist that section 870 never did apply to that city, because the act of 1887 conferred upon the city the identical power conferred by this section. It is urged, that there is no conflict between the act of 1887 and this section of the Code, and that, for this reason, the local law is not modified or repealed. Granting this, the situation is not changed. The act of October 1, 1887, does confer upon the city the power to repave its streets. This section confers the same power; but it goes one step further, and establishes a general system of assessments for repaving for all cities of 20,000 inhabitants or more. It makes all assessments, chargeable under local laws, when the streets of such cities were originally paved, applicable to the repavement thereof. Thus a general law on this subject is enacted, and by its express terms is made applicable to Savannah. But however this may be, the City of Savannah was not proceeding under the act of 1887, but under the amendment to its charter of 1919.

So we are of the opinion that so much of the act of August 18, 1919, as clothed the Mayor and Aldermen of the City of Savannah with the right to assess the entire cost of repaving this street to property abutting thereon, falls clearly within the case for which provision is made in section 870 of the code; and for this reason is null and void because in violation of the provision of the constitution above recited.

The rule that this court will not interfere with the discretion of the trial judge in granting or refusing an injunction does not apply when the question to be decided by the trial judge is one of law. *Chestatee Pyrites Co.* v. *Cavenders Creek Gold Mining Co.*, 118 *Ga.* 255 (45 S. E. 267).

We do not think that the plaintiffs are guilty of such laches as would deprive them of the right of injunction. Counsel for the city contends that they are not entitled to an injunction, because they acted prematurely, as the assessments had not been made, but were only in process of being levied. They can not be both premature in their action and at the same time guilty of laches. We think they are liable to neither charge.

We think that the court below should have granted an injunction restraining the mayor and council of the City of Savannah from proceeding to repave this street under the act of August 18, 1919. As this disposes of the case, we do not consider any of the other objections urged by the plaintiffs to these proceedings.

*Judgment reversed. All the Justices concur.*

### ON MOTION FOR REHEARING.

Our attention has been called to the act of July 27, 1921 (Ga. Laws 1921, p. 1080), by which it is enacted that "Wherever and whenever said Mayor and Aldermen shall have undertaken to pave, or repave, or resurface, or otherwise improve any street . . . in the City of Savannah, under and by virtue of the provisions of the act of the General Assembly . . approved August 18th, 1919, and found in Georgia Laws 1919, page 1294, and following, . . and the proceedings for such paving . . and the assess- ments thereof, shall be held to be invalid for any reason, either before or after the paving, . . then and in such event the assessments for such paving . . against the property and prop- erty owners shall be made and levied and collected under and by

virtue and in pursuance of the provisions of the acts of the General Assembly . . found in Georgia Laws 1884-1885, page 263, and following, also in Georgia Laws 1887, page 537, and in Georgia Laws 1910, page 1142, and such assessments so made under the provisions of the last-named acts shall be legal and binding upon the property benefitted and upon the property owners. All proceedings heretofore had by the Mayor and Aldermen of the City of Savannah under and by virtue of the act of the General Assembly, . . approved August 18th, 1919, and found in Georgia Laws 1919, page 1294, and following, for the paving or repaving of any street, . . are hereby declared to be valid, it being the intention of the General Assembly of Georgia in the said act of August 18th, 1919, to include and import in the use of the word ' pave,' as used in sections 10 and 12 of said act, the right to ' repave ' any such street . ."

It is insisted by able counsel for the defendant in error that this statute does not offend the provision of our State constitution against retroactive acts; and that although the act of August 18, 1919, under which the Mayor and Aldermen of the City of Savannah undertook to repave the portion of West Broad street and to assess the adjoining property for the cost of such improvement, has been declared by this court in this case unconstitutional, the above act of July 27, 1921, cures the invalidity of the proceedings for the repaving of this street and the assessments on the abutting lots for the cost of this improvement.

It is undoubtedly true that a municipal contract, expenditure, or appropriation, invalid when made, may be cured by subsequent legislation, unless the invalidity results from a violation of a constitutional inhibition. So where municipalities, without authority, subscribe for shares in railroad companies, the legislature formerly could pass acts making valid and binding such subscriptions, and authorize the municipalities to levy taxes for the purpose of paying such subscriptions. *Winn* v. *Macon,* 21 *Ga.* 275; *Bass* v. *Columbus,* 30 *Ga.* 845. But the above cases are distinguishable from the case at bar. Those cases simply validated contracts made by municipalities and authorized the municipalities to levy taxes to meet the obligations incurred thereunder. They did not authorize the municipalities to enforce obligations against third persons and their property. Curative acts validating invalid

obligations of a municipality are widely different from a curative
act authorizing a municipality to enforce contracts which impose
liabilities upon its citizens, and making valid illegal and uncon-
stitutional assessments upon their property.

The constitution of this State prohibits retroactive laws.   Art.
1, sec. 3, par. 2 (Civil Code, § 6389).   Under this provision every
statute which "creates a new obligation, imposes a new duty,
or .attaches a new liability in respect to transactions or consid-
erations already past, must be deemed retrospective." *Ross* v.
*Lettice,* 134 *Ga.* 866 (68 S. E. 734, 137 Am. St. R. 281).

So we are constrained to deny the motion for a rehearing in
this case.