## CARROLL *et al. v.* CURRIE.

No. 17818. ARGUED APRIL 14, 1952—DECIDED MAY 12, 1952—
REHEARING DENIED JUNE 11, 1952.

*Dwight Moody Johnson,* for plaintiffs in error.

*Harold Sheats* and *Paul B. Huckeby,* contra.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) The plaintiffs in error insist that Currie is incompetent to hold the office of mayor, under the provisions of Code § 69-201, to wit: "Councilmen and aldermen of the towns and cities shall be incompetent to hold any other municipal office in said towns and cities during the term of office for which they were chosen: Provided, that nothing herein shall render them ineligible to be elected during said term, to serve in a term immediately succeeding said term, but nothing in this section shall apply to any municipal office which is filled by appointment of the mayor. Any councilman or alderman appointed during his term to any other municipal office shall resign before being eligible to enter upon the office to which he has been appointed: Provided, that nothing herein contained shall be construed as repealing any provisions to the contrary hereof in any charter of any city or town in this State."

Currie bases his eligibility to the office on the terms of an amendment to the charter of the Town of Forest Park (Ga. L. 1950, p. 2144), which in part provides: "In event of a vacancy occurring in any of said offices the same shall be filled as to the

Mayor by the Board of Aldermen selecting one of their number to fill the unexpired term." At the time of the passage of this amendment, Code § 69-201 was a part of our general law, and the amendment to the charter could be given no effect because it was contrary to a general law applicable in such cases when the amendment to the charter was passed. *Jones* v. *McCaskill,* 112 *Ga.* 453 (37 S. E. 724); *Wilkins* v. *Mayor &c. of Savannah,* 152 *Ga.* 638 (2) (111 S. E. 42). See generally *City of Atlanta* v. *Hudgins,* 193 *Ga.* 618 (1) (19 S. E. 2d, 508).

The respondent's resignation as alderman, or his subsequent election as mayor, which occurred during the two-year period covering his term as alderman, does not re-establish his eligibility. *Crovatt* v. *Mason,* 101 *Ga.* 246 (3) (28 S. E. 891).

Nor does the last sentence in Code § 69-201, "Provided, that nothing herein contained shall be construed as repealing any provisions to the contrary hereof in any charter of any city or town in this State," make valid this amendment of 1950 to the charter. This sentence was an amendment to the Code by act (Ga. L. 1899, p. 26), and could have application only to provisions in charters existing at that time. As was said in *Jones* v. *McCaskill,* supra, "its effect could only be to re-enact provisions, in municipal charters, which the general law of this section had repealed."

Accordingly, the trial judge erred in sustaining a general demurrer to the petition.

*Judgment reversed. All the Justices concur.*