21187. PELHAM FEDERAL SAVINGS & LOAN ASSOCIATION v. WILLIAMS, Tax Collector, *et al.*

ARGUED MARCH 13, 1961—DECIDED APRIL 6, 1961.

*Lippitt & Lippitt*, for plaintiff in error.

*Robert Culpepper, Jr.*, contra.

DUCKWORTH, Chief Justice. The applicable law in this case, found in *Code Ann. Supp.* § 92-184 (Ga. L. 1953, Nov. Sess., pp. 379, 389), provides that, when real estate is fully paid for, "the value at which it is returned for taxation" by the savings and loan association which owned it "may be deducted from the full market value of the net worth of such savings and loan associations, and if not fully paid for, only the value at which the equity owned by them therein" is returned for taxation shall be deducted from the full market value of their net worth. The significant expression "the value at which it is returned for taxation" constitutes a clear answer to the question to be decided in this case. The law is unambiguous, hence requires no construction but simply acceptance. What the true value, or market value may be is wholly irrelevant and immaterial, for it is not that value which the law allows to be deducted. The amount allowed to be deducted is spelled out in the law too plainly to be misunderstood. It is the value "at which it is returned for taxation." Thus a mere "return" is not enough as it must be a return "for taxation." The return for taxation in this case is admittedly a valuation of $12,500. Clearly, therefore, the expressions elsewhere in the tax return that the real estate has a market value of $50,000, which amount is obviously and admittedly not the value on which tax shall be paid, can not defeat the plain letter of the law by having this valuation on which taxes are not to be paid substituted for the $12,500 valuation in the return on which taxes are paid, as the amount of deduction to which the taxpayer is entitled.

There is nothing ruled in *Fulton County Federal Savings &c. Assoc. v. Simmons*, 210 Ga. 621 (82 S. E. 2d 16),—which is not a full-bench decision and hence not controlling—that conflicts with what we above rule. Counsel for the plaintiff in error assert in their brief that that case held that "the value at which it is returned for taxation . . . is the fair market value."

Such is a misconstruction of what was there ruled. It is obvious that that opinion at page 623 was merely attempting to recite another portion of the statute where it is provided that, such real estate shall be returned at its true market value. That case did not involve any question as to the value at which real estate must be returned, and the statement is plainly obiter dictum. The question there was whether or not the clerk should be required by mandamus to record a security deed for the usual fee or should the clerk refuse to record it until his demand for $13.50 intangible tax was paid.

We agree with counsel for the plaintiff in error that the question here is one of law, and that the rule that discretion will not be interfered with has no application. *Wilkins v. Mayor &c. of Savannah*, 152 Ga. 638 (111 S. E. 42). We are not concerned with any of the oral evidence. The written signed tax return was introduced, and it speaks for itself. It contains these meaningful clauses: "value of lands and city property from first page—$12,500" and "total market value of personal property—$17,806.90"; and finally: "net taxable value for all purposes—$30,306.90." The latter is the sum of the two former quoted clauses. The return under questions "17" and "19" asking for fair market value and specifying a column in which to give the answers, and a column showing assessors valuation put $50,000 under each question in the assessors valuation column, and then under question "20" is "less real estate returned under 17 and 19—$50,000." The taxpayer seeks to deduct from the net worth of the association $50,000 for real estate instead of $12,500, which is the value at which the real estate was returned for taxation. The tax return does not support that contention, the oral evidence does not support it, and the intent and meaning of the law does not support it. Obviously, the law intends that whatever valuation the association has paid taxes on for real estate must be deducted from its net worth, and thus avoid paying taxes twice on the same property. There could be neither reason nor justice in allowing the association to avoid entirely any taxes whatever on the value of its real estate between $12,500 on which it pays, and $50,000 which it is worth. To the contention that others pay taxes on property worth $50,000 on a

valuation for tax purposes of only $12,500, and hence to require this association to pay taxes on the full $50,000 instead of $12,500 would be discriminatory, we agree, but such is not the case. It is paying on the same valuation as others. It is asked to do as the law demands and deduct this amount from the value of its assets. But the association wants to deduct $37,500 more for real estate than it has returned for taxation.

Whether or not double taxation is constitutional, see *Ga. State Bldg. &c. Assn. v. Mayor &c. of Savannah*, 109 Ga. 63 (35 S. E. 67); *Mayor &c. of Macon v. Macon Construction Co.*, 94 Ga. 201 (21 S. E. 456); *Elder v. Home Bldg. &c. Assoc.*, 188 Ga. 113 (3 S. E. 2d 75, 122 A. L. R. 738). The plain letter of the law and the position of the county in this case both avoid double taxation. If the association wants to reduce the net value of its assets by a valuation of $50,000 for its real estate, it has but to pay tax on that amount as real estate, then deduct it from total assets. If allowed to succeed in its efforts here, it would remove from taxation $37,500 of its net assets. If it will conform with the law and make $50,000 the valuation for taxation of real estate, which is the only valuation deductible, then it can make that deduction. The legislature had a definite intent when it said "the value at which it is returned for taxation" may be "deducted from the full market value of the net worth." That intent was to remove from taxation as net worth the exact amount which is taxed as real estate. Terms of the law expressly so providing will not be distorted to allow a taxpayer to escape taxes by the process of arbitrarily writing an exorbitant valuation of real estate somewhere on its return that indicates unmistakably that it is not intended to pay tax thereon, and write at the proper place a much smaller amount on which taxes are to be paid and then take credit for the larger amount, on which it was never intended that taxes shall be paid.

For all the foregoing reasons the trial judge was not only authorized but as a matter of law required to deny the injunction.

*Judgment affirmed. All the Justices concur.*