## 49641. HICKS v. HARDEN.

QUILLIAN, Judge.

This matter originated with the appellant's claim for aid to the permanently and totally disabled. This application was denied upon initial determination and upon administrative appeal. The appellant then filed her petition for judicial review in the Fulton Superior Court. The case was ordered remanded to the appellee for the entry of new and proper findings of fact and conclusions of law. Following the entry of the same, the appellant filed her supplemental complaint and the trial judge entered judgment denying appellant's petition. Appeal was taken from that judgment.

In this court the appellant's enumeration of errors is based on two grounds. The first ground was that the court erred in failing to find that appellee violated the official notice rules of the Administrative Procedure Act. The appellee's hearing officer made the following finding: "Involutional depression is not a permanent disability since it begins around the time of menopause and should improve when menopause is completed. Also, this depression does not appear to be psychotic but simply neurotic and, therefore, is not totally disabling." (Finding 7.) A psychiatrist who examined the claimant had found that in his opinion she was totally and permanently disabled regarding any gainful employment. Her doctor listed among his diagnosis of her problems that she had "involutional depression." *Held:*

1. Code Ann. § 3A-116 (d) (Ga. L. 1964, pp. 338, 350; 1965, pp. 283, 293) reads: "Official notice may be taken of judicially recognizable facts. In addition, official notice may be taken of technical or scientific facts within the agency's specialized knowledge. Parties shall be notified either before or during the hearing, by reference in preliminary reports or otherwise, of the material noticed, including any staff memoranda or data, and they shall be afforded an opportunity to contest the material so noticed. The agency's experience, technical competence, and specialized knowledge may be utilized in the evaluation of the evidence." Clearly, a finding such as that made with regard to "involutional depression" comes within the

sphere of the Code section. It is true that the last sentence of the Code section provides that the agency's experience, technical competence, and specialized knowledge may be utilized in the evaluation of the evidence. However, this in no way takes away from the requirement that in order to take official notice of a technical or scientific fact that the party shall be notified either before or during the hearing that such notice will be taken and the party should be afforded an opportunity to contest this issue. Here this clearly was not done and we cannot hold that such omission constituted harmless error. Certainly if the hearing officer had determined otherwise as to Finding 7, the same result would not have been reached. That being true, the case must be reversed with an opportunity given to the claimant to contest the technical or scientific accuracy of the finding made by the hearing officer.

2. The claimant also contends that the findings as to her disability were "clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." See Code Ann. § 3A-120 (h) (5) (Ga. L. 1964, pp. 338, 354). Although the trial judge would be authorized to reverse the Administrative Agency for the reasons set forth, this court is still bound by the any evidence rule and can only reverse when there is no competent evidence to authorize the findings by the trial court. There being some evidence to sustain the trial judge's findings, this contention is without merit.

*Judgment reversed. Bell, C. J., and Clark, J., concur.*

ARGUED SEPTEMBER 9, 1974 — DECIDED JANUARY 30, 1975.

*David A. Webster,* for appellant.

*Arthur K. Bolton, Attorney General, Timothy J. Sweeney, Dorothy Y. Kirkley, Assistant Attorneys General,* for appellee.