## 66898. QUARTERMAN v. EDWARDS et al.

DEEN, Presiding Judge.

This is an appeal from the order of the Superior Court of Fulton County which affirmed the final administrative decision of the Georgia Department of Human Resources awarding the appellant, Kenneth B. Quarterman, a monthly food stamp allotment of $39.00.[1] The record shows that the appellant applied for recertification for food stamps on October 2, 1981, at that time indicating as regular monthly income $264.70 supplemental security income benefits and a $20.00 contribution from his parents. Based upon that application, the DeKalb County Department of Family and Children Services certified the appellant for a monthly allotment of $39.00 in food stamps. The appellant pursued administrative hearing procedures, and the final administrative decision issued on March 1, 1982.

Initially during his administrative appeal, the appellant asserted that the monthly $20.00 contributions received from his parents should not have been included in his budget because his parents were not likely to continue such contributions. As evidence of this impending cessation of support, the appellant pointed to a recent letter from his mother in which the complimentary closing read "Ever, Mama," whereas in all previous correspondences she had closed with "Love," or "With love." He noted as well his father's letter of October 30, 1981, in which his father expressed some hope "that we can resume the effort to work out an acceptable basis for helping you to be able to live a more enjoyable and rewarding life" since the appellant's lawsuit against the father had terminated, implied that the father would discontinue the contributions upon discovering that the lawsuit actually had not terminated. Nevertheless, the appellant admitted that at all pertinent times his parents still sent the monthly $20.00 contribution.

Following the initial administrative hearing and decision but prior to the final administrative decision, the appellant altered his contention somewhat, declaring that his ethics demanded that he refuse any future contributions because of his mother's false accusation that he was blackmailing her. The erudite yet succinct final administrative decision held that while the appellant certainly had the choice of voluntarily refusing to accept further monies from

---

[1] The appellant originally brought suit against Joseph Edwards et al., although no additional defendants were named. The appellant sued Joseph Edwards as Commissioner of the Georgia Department of Human Resources. Dr. James G. Ledbetter has since replaced Joseph Edwards as Commissioner, but neither party has moved for substitution of the new Commissioner as party defendant-appellee.

his parents, "it still must be considered income 'received' by him and therefore countable . . ." In its order of March 9, 1983, the superior court found sufficient evidence in the record to support that final administrative decision and affirmed. On appeal, the appellant seeks reversal of the award only for the month of February 1982. *Held:*

1. The declared policy of the food stamp program is to aid low-income households in obtaining a more nutritious diet. See 7 USC § 2011. Household income is the primary eligibility determinant, and household income includes "all income from whatever source." 7 CFR § 273.9 (b). The evidence was undisputed that the monthly $20.00 contributions from the appellant's parents remained available to him at all pertinent times. As a matter of law, those contributions thus were properly considered in determining the appellant's food stamp entitlement. To allow the appellant to decline the proffered support of his family and thereby receive a greater food stamp allotment would serve only to increase wrongfully the taxpayer's burden and to contravene the declared policy of the food stamp program. Governmental aid, whether local, state or federal, is not a constitutional right; wherever possible, voluntary parental aid should be encouraged and preferred over aid from the taxpayer.

We note that after the final administrative decision was issued, the appellant sought to advance a plot of familial extortion and abuse of psychiatric treatment as justification for not accepting the support monies from his parents. There is no indication that the superior court, as the initial appellate court in this action, actually considered any evidence tendered subsequent to the final administrative decision, and it would have been improper for it to have done so. Absent an application to the court for leave to present additional evidence, appellate review of administrative decisions is confined to the record. OCGA § 50-13-19 (f) (g) (Code Ann. § 3A-120); *Caldwell v. Corbin,* 152 Ga. App. 153 (262 SE2d 516) (1979).

2. The appellant also contends that the superior court deprived him of equal protection of law by denying his request for free transcription of the oral argument. However, the law does not even require recordation of every civil case at the trial level, OCGA § 5-6-41(c) (Code Ann. § 6-805); *Savage v. Savage,* 234 Ga. 853 (218 SE2d 568) (1975), much less the oral argument before an appellate court. There simply is no authority for the appellant's proposition that an indigent has the right to free court reporter services in an appellate, civil proceeding.

*Judgment affirmed. Banke, J., concurs. Carley, J., concurs in the judgment only.*

DECIDED DECEMBER 2, 1983 —
REHEARING DENIED DECEMBER 15, 1983.

Kenneth B. Quarterman, *pro se.*
H. Perry Michael, First Assistant Attorney General, Carol Cosgrove, Senior Assistant Attorney General, Barry P. Allen, Ralph Hinman, Assistant Attorneys General, for appellees.