## 71100. PERRY v. THE STATE.
(339 SE2d 738)

Deen, Presiding Judge.

Appellant, Lula Perry, was convicted of fraud in obtaining public assistance for herself and two of her children. It is alleged that she lived with Curtis Williams, who fathered two of her three children. She further failed to report to her caseworker his presence in the home and many of his financial contributions to the family. Had she reported this situation to the welfare office, as was required, she would not have been able to continue to receive welfare money and medical care for herself and her twins because Williams' income

would significantly change the financial status of the household. Perry and Williams denied that the latter did more than visit in the home on weekends and help with the care of the younger children. The state's evidence showed that Williams listed the Perry apartment as his legal residence on employment forms, insurance forms, and two police reports. He also received all of his mail there and told his employer that Lula Perry was his common law wife. He additionally listed the appellant's apartment as his address on credit forms at two furniture stores when he bought three rooms of furniture for her apartment. He also bought a color T.V. and a freezer, which he frequently stocked with food, for the Perry household. Several neighbors testified that Williams made himself at home at Perry's apartment and was there on a daily basis, bringing groceries and doing his laundry there. He was observed lying on the bed and cooking in the kitchen.

In fact, both Perry and Williams testified that they planned to live together in her apartment but changed their minds when they discovered that his "official" presence would cause her rent to increase from $8 to over $400 per month. Relatives and neighbors who testified on Perry's behalf claimed that Williams lived in Alabama with his mother and rode to and from work every day with other co-workers from Alabama. The investigation into Williams' presence had begun after the welfare office received two anonymous calls and one visitor who claimed that Perry was unlawfully obtaining benefits.

Lula Perry was well aware that she was required to report any changes in her living arrangements to the caseworker within ten days of the change, and her file was reviewed every six months for changes in order to redetermine her eligibility for public assistance. *Held*:

The only error enumerated is the general grounds. It is contended in appellant's brief that there is not "one microscopic mote" or "not one atom of documentary evidence" linking her "in mens rea to the actus reus." Appellant further claims that she does not consider herself "part of a marriage or federal common-law relationship or other transmogrified Washingtonian construct hastily summoned into existence to lend a shred of apparent respectability to an odious, dangerous law, we behold that law in all its rank and pernicious splendor."

"In our view the composite determination of a jury of laymen in a matter of this kind is the most satisfactory method the wit of man has ever devised for ferreting out the truth of such controversies. They are keen analysts of evidence; they are not subsumed by the quibbles and window dressing of procedure; they are actuated rather by a sense of justice and fairness and when let alone will invariably arrive at a righteous result. We think they did so in this case so their judgment is affirmed." *Thomas v. State*, 152 Fla. 756 (13 S2d 148)

(1943). Whether the evidence and data is measured mathematically in atoms, motes or by other means and methodology, we hold it amounts to more than a modicum of microscopic modules and sufficient in any event to support the judgment. Having reviewed the evidence in the light most favorable to the jury verdict, we find that a rational trier of fact could have found the defendant guilty beyond a reasonable doubt and affirm. *Crawford v. State*, 245 Ga. 89, 90 (263 SE2d 131) (1980); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Perhaps it should be repeated that "[g]overnmental aid, whether local, state or federal, is not a constitutional right. . . ." *Quarterman v. Edwards*, 169 Ga. App. 300, 301 (312 SE2d 643) (1983).

*Judgment affirmed. Pope, J., concurs. Beasley, J., concurs in the judgment only.*

DECIDED JANUARY 7, 1986.

*H. Haywood Turner III*, for appellant.
*William J. Smith, District Attorney, Tasca W. Badcock, Assistant District Attorney*, for appellee.