## A94A2667. DEPARTMENT OF PUBLIC SAFETY v. RAMEY.
### (450 SE2d 332)

BLACKBURN, Judge.

The appellee, Robert Allen Ramey, was arrested on January 9, 1994, for driving a motor vehicle while under the influence. When Ramey refused to submit to a state-administered chemical test as required under Georgia's Implied Consent Law, the arresting officer, on behalf of the Department of Public Safety (the Department), issued to Ramey official written notice of the suspension of his driver's license. See OCGA § 40-5-67.1. This notice provided that Ramey had a right to an administrative hearing before the Department and that such a hearing must be requested in writing and postmarked within five calendar days from the receipt of notice of the suspension or the right to a hearing would be waived. Ramey signed the lower portion of the form, acknowledging his receipt of notice of the suspension of his driver's license.

In an undated letter, Ramey's counsel requested an administrative appeal before the Department. The letter was postmarked on January 15, 1994, and there was no evidence submitted to the Department that the letter was mailed on an earlier date. Presumably based upon the date that the letter was postmarked, the Department denied Ramey's request for an appeal, and Ramey petitioned the superior court for judicial review of the Department's decision pursuant to OCGA § 40-5-67.1.

Following a hearing, the trial court found as fact that the request for an appeal was mailed on January 14, 1994, the fifth day after Ramey received notice of the suspension, and that the date that the request was mailed was controlling. The trial court's factual findings were impliedly based upon affidavits that Ramey attached to his petition for judicial review and his response to the Department's motion to dismiss. The trial court denied the Department's request to dismiss the petition and directed the Department to hold a hearing on the suspension of Ramey's license since his request for an appeal was timely filed. The superior court denied the Department's motion for reconsideration, and we subsequently granted the Department's ap-

plication for interlocutory review.

OCGA § 50-13-19 (g) specifically limits a superior court's review of a decision of a state agency to matters of record unless there is an irregularity in a procedure before the board. It is improper for a superior court to consider any evidence tendered after a final administrative decision. *Quarterman v. Edwards*, 169 Ga. App. 300 (1) (312 SE2d 643) (1983). In the present case, the trial court rendered its decision based upon affidavits prepared and submitted to the superior court after the Department issued its final decision denying Ramey's request for an administrative hearing. The record does not show that Ramey made an application to the superior court for the presentation of additional evidence, and Ramey has not shown any irregularities in the agency's procedure warranting the submission of additional evidence to the superior court without an application. OCGA § 50-13-19 (f), (g). Therefore, the superior court erred in considering this evidence.

An appellate court's authority to reverse a decision of a state agency is governed by OCGA § 50-13-19 (h). Under this statute, an appellate court is authorized to reverse a decision of an agency if the agency's decision prejudiced the aggrieved party's rights because it was "[c]learly erroneous in view of the reliable, probative, and substantial evidence on the whole record." OCGA § 50-13-19 (h) (5).

In this case, the record before the Department showed that Ramey's hearing request was postmarked on January 15, 1994, outside of the five-day time period provided in OCGA § 40-5-67.1 (g) and there was no evidence submitted to the Department on the date that the letter was mailed before this date. OCGA § 40-5-67.1 (g) is ambiguous as to whether the date that a hearing request is postmarked or the date that it is mailed is controlling, and it is well settled that where the terms of a statute are ambiguous, it is necessary to consider other related statutes in order to ascertain the legislative intent in reference to the whole systems of laws of which the ambiguous statute is a part. *DeKalb County v. J & A Pipeline Co.*, 263 Ga. 645 (2) (437 SE2d 327) (1993). Accordingly, we must look to the Administrative Procedure Act for guidance.

OCGA § 50-13-23, which became effective on July 1, 1994, provides that notwithstanding any provision of law to the contrary, any document required to be received or filed with any agency shall be deemed to be filed on the earlier of the date that such document is actually received by such agency or the official postmark date that such document was mailed, properly addressed with postage prepaid by registered or certified mail. While the legislature could have indicated in OCGA § 40-5-67.1 that the date that the appeal is postmarked rather than the date that the appeal is mailed is determinative of its timeliness, this subsequently enacted statute evidences the

legislature's intent to provide a standard by which state agencies can examine the timeliness of documentation filed with the agency. As evidenced by its language, the date on which the document is mailed in the absence of an official postal marking is insufficient to satisfy the requirements of OCGA § 50-13-23 and should likewise be insufficient to commence an appeal of an agency's decision.

In light of our interpretation of OCGA § 40-5-67.1 (g), we conclude that the trial court erred in determining that the date on which the letter was mailed is controlling. There being competent evidence to sustain the Department's decision that Ramey's appeal was untimely, the trial court erred in reversing the decision of the Department of Public Safety. See *Hicks v. Harden*, 133 Ga. App. 789 (213 SE2d 49) (1975).

Ramey erroneously asserts that OCGA § 9-11-26 of the Civil Practice Act is applicable to proceedings before administrative agencies. In *Hewes v. Cooler*, 169 Ga. App. 762 (315 SE2d 276) (1984), this court held that the Civil Practice Act is not applicable to judicial review of administrative decisions. There is no compelling reason to apply the Act to administrative procedures which are otherwise governed by statute, specifically OCGA § 40-5-67.1 (g).

*Judgment reversed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 22, 1994.

*Michael J. Bowers, Attorney General, Daryl A. Robinson, Senior Assistant Attorney General, Matthew P. Stone, Assistant Attorney General*, for appellant.

*Bruce & Hentz, Kenneth D. Bruce*, for appellee.