DECIDED JANUARY 8, 1987.

Ward D. Hull, for appellants.
Duane B. Jackson, for appellee.

73377. EDWARD McGILL, INC. v. WISE.
(352 SE2d 809)

SOGNIER, Judge.

Edward McGill, Inc. (McGill) petitioned for an immediate writ of possession for a Kenworth tractor possessed by Mary Virginia Wise, the assignee of McGill's lessee. On December 13, 1985 the trial court granted McGill's petition based on Wise's default under the lease contract. On January 6, 1986, McGill notified Wise by certified mail of its intent to retain the collateral in satisfaction of Wise's obligation. The following day, Wise filed an answer and counterclaim to McGill's petition for writ of possession alleging that the repossession was wrongful and generally denying all the averments in the petition except jurisdiction. In its order, the trial court did not explicitly address the contentions of Wise's pleadings although it implicitly affirmed the writ of possession. However, the trial court did rule either sua sponte or on the basis of an undisclosed motion by Wise that proper objection to McGill's retention of the collateral had been made as a matter of law pursuant to OCGA § 11-9-505 (2). Therefore, the trial court ordered the sale of the collateral and it is from this ruling that McGill appeals.

1. Appellant contends the trial court erred by finding as a matter of law that appellee's answer and counterclaim constituted proper written objection to the notice of intention to retain the collateral in satisfaction of the obligation. The Uniform Commercial Code, OCGA § 11-1-101 et seq., requires a secured creditor in possession of collateral to notify the debtor in writing if it intends to retain the collateral in satisfaction of the obligation. "If the secured party receives objection in writing from a person entitled to receive notification within 21 days after the notice was sent, the secured party must dispose of the collateral under Code Section 11-9-504. In the absence of such written objection the secured party may retain the collateral in satisfaction of the debtor's obligation." OCGA § 11-9-505 (2). "Any language that manifests an intention to reject the proposal of the creditor to retain possession of the collateral in satisfaction of the debt satisfies the requirements of the Code." Anderson, Uniform Commercial Code, 3rd ed. (1985), § 9-505:28.

The record reveals that neither appellee's answer nor her counterclaim contains any reference to the proposed retention. Instead,

the answer consists of an allegation that appellant's petition fails to state a claim, the enumeration of various defenses to the repossession and a denial of all averments in the petition save jurisdiction. The counterclaim seeks damages for the allegedly wrongful repossession. Nowhere in these defensive pleadings do we find any language that manifests an intention to reject the proposal of the creditor (appellant) to retain possession of the collateral in satisfaction of the debt. Anderson, supra. We are therefore unable to agree with the trial court that the written objection required by OCGA § 11-9-505 (2) has, as a matter of law, been met by appellee's defensive pleadings generally contesting the validity of the foreclosure proceedings. Further, we do not agree with the trial court's conclusion that a written objection was created by appellee's unilateral stipulation that objection was made in the form of the parties' negotiations for the disposition of the collateral. Aside from the self-serving nature of such a stipulation, see generally OCGA § 24-4-4, OCGA § 11-9-505 (2) explicitly demands that the objection be in writing, not in the form of verbal negotiations. Since there is no such writing in the record, it was error for the trial court to find that written objection had been properly made.

2. Appellant contends the trial court erred by concluding it had waived its statutory right to receive written notice of objection from appellee. The record before us consists solely of the pleadings and the judgment, which contain nothing to indicate a waiver by appellant. Ordinarily, where the record contains no transcript, "we must presume as a matter of law that the evidence at trial was sufficient to support the judgment below. [Cit.]" *Rivers v. Owen*, 170 Ga. App. 166 (316 SE2d 579) (1984). However, in the case sub judice, the record indicates that there was no hearing at which evidence could have been adduced. Nor are there affidavits, depositions, or any other items of evidence in the record. Rather, the trial court stated that its decision was made after it reviewed the briefs of the parties. Contentions of the parties in their briefs are not evidence. See *York v. Miller*, 168 Ga. App. 849, 850 (310 SE2d 577) (1983). Since the judgment itself recites that there was no evidence before the trial court from which it could have concluded that appellant had waived written notice of objection, the general rule requiring affirmance in the absence of a transcript is inapplicable. We therefore find that the trial court erred by finding that appellant waived its right to written notice.

3. In light of our decisions in Divisions 1 and 2, appellant's other enumerations need not be considered.

*Judgment reversed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED JANUARY 8, 1987.

*Diane M. Locklear*, for appellant.

*Michael D. McRae*, for appellee.