## 26650. HOLLOMAN v. HOLLOMAN.

UNDERCOFLER, Justice. William E. Holloman, Jr., filed a complaint for divorce against Madelyn P. Holloman in the Superior Court of Clayton County on the grounds of adultery and cruel treatment. He sought custody of their children, an injunction prohibiting her from interfering with his custody of them, and from disposing of certain property. Temporary custody of the children was awarded to him and the defendant was restrained as prayed. The defendant filed a cross complaint contending that she was driven from her home by the complainant, that she is entitled to a divorce on the grounds of cruel treatment and adultery, that she is entitled to custody of the children, alimony, and child support. The defendant filed a demand for jury trial on September 14, 1970. This de-

mand was withdrawn on January 4, 1971. The defendant had also filed a demand for a jury trial on October 29, 1970, which was not withdrawn and is still pending. The defendant sought to compel the complainant to answer certain interrogatories. On failure of the complainant to answer the interrogatories, the defendant filed a motion to compel his response and to dismiss his petition. At the hearing of this motion the trial judge's order shows that the complainant did not respond to the motion and his complaint for divorce was dismissed on December 15, 1970.

On January 14, 1971, the trial court entered an order on the cross complaint of the defendant which granted her a divorce, custody of the children, child support and certain property.

On March 11, 1971, the defendant filed an application for contempt for nonpayment of child support.

On April 29, 1971, at the hearing of the petition for contempt, the trial court entered the following order: "It appearing to the court that the jury demand filed September 14, 1970, in the above-styled case was withdrawn; however, the jury demand filed October 29, 1970, has not been withdrawn and is still pending, and it further appearing that there has been a great deal of misunderstanding and lack of communication in the matter, it is therefore ordered that the judgment entered January 14, 1971, be and the same is hereby set aside, and the temporary order heretofore granted in said matter shall remain in full force and effect pending further order of the court."

The defendant wife appeals from that order. *Held:*

1. The judgment of the trial court shows that the defendant wife testified in the hearing before the trial court when the divorce was granted. She, therefore, waived her demand for a jury trial. In *Newton v. Newton,* 226 Ga. 440 (175 SE2d 543) this court held: "There is no provision in the laws of Georgia, either as to divorce or other civil proceedings that notice of the withdrawal of a jury de-

mand by the plaintifff must be served on the defendant." The same rule applies to the withdrawal of a demand for jury trial by the defendant.

2. The appellant contends that the trial court erred in setting aside the final judgment entered on January 14, 1971.

The terms of the Clayton Judicial Circuit begin on the first Mondays in February, May, August and November. "'After the expiration of the term at which a decree was entered, it is out of the power of the court to modify and revise it in any matter of substance or in any matter affecting the merits. A decree, during the term at which it was rendered, is said to be in the breast of the judge; after it is over, it is upon the roll.' *Carswell v. Shannon,* 209 Ga. 596 (2) (74 SE2d 850). This rule as to the finality of judgments has not been changed by the Civil Practice Act of 1966 (*Code Ann.* § 81A-160 (h)). Compare *Martin v. General Motors Corp.,* 226 Ga. 860 (1) (178 SE2d 183); *Hicks v. Hicks,* 226 Ga. 798 (177 SE2d 690)." *City of Cornelia v. Gunter,* 227 Ga. 464 (181 SE2d 489).

The trial court was not authorized at a subsequent term of court to set aside a final judgment rendered at a prior term except as provided in *Code Ann.* § 81A-160. The trial court clerk was directed to furnish this court with the complete record in this case. This record does not show that the judgment which was set aside was void under the provisions of *Code Ann.* § 81A-160 (a) and, therefore, it was not subject to collateral attack. The record does not show that there was a direct attack made on the judgment (*Code Ann.* § 81A-160 (b)) and the order of the trial court is the only indication of why he set the judgment aside. It follows that the judgment must be reversed.

*Judgment reversed. All the Justices concur.*
SUBMITTED SEPTEMBER 15, 1971—DECIDED OCTOBER 8, 1971—REHEARING DENIED OCTOBER 21, 1971.

*Johnson & Johnson, S. D. Johnson,* for appellant.
*E. H. Stanford, Jr.,* for appellee.