## 66482. YORK v. MILLER.

POPE, Judge.

Appellant Ronald James York filed suit pro se in the State Court of DeKalb County against appellee Harold A. Miller, III alleging Miller owed York $50 as a result of an alleged agreement to refund a portion of a retainer fee. No jury demand was filed of record. Miller denied liability and counterclaimed for quantum meruit. The case was originally called for trial on July 27, 1982 and was dismissed for want of prosecution when York did not appear. This order was later set aside when it was learned that the clerk had failed to give notice of the trial to York. In its order to set aside, the court set a new trial date and stated that the case would be before a jury. On February 16, 1983 the case was tried before the court without a jury, and judgment was entered on March 4, 1983. The court found for Miller on the main claim, and in favor of York on the counterclaim. The sole enumeration of error is that the case was tried before the court rather than before a jury.

"The right of trial by jury as declared by the Constitution of the state or as given by a statute of the state shall be preserved to the parties inviolate." OCGA § 9-11-38 (Code Ann. § 81A-138). "Cases heard on contract where an issuable defense is filed require trial by jury unless waived. [Cits.]" *Redding v. Commonwealth of America,* 143 Ga. App. 215, 216 (237 SE2d 689) (1977). "The parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, may consent to trial by the court sitting without a jury." OCGA § 9-11-39 (a) (Code Ann. § 81A-139). In exceptional circumstances a party may waive his right to jury trial by his actions. See *Servisco, Inc. v. R. B. M. of Atlanta,* 147 Ga. App. 671 (250 SE2d 10) (1978) (a party who participated in a non-jury trial without demanding a jury until subsequent to the entry of an adverse judgment on the merits was held to have waived the right to a jury trial).

The record before us indicates that York had a right to a jury trial in this contract case. The issue presented is whether York waived this right, either expressly or by his actions. No stipulation to trial by the court pursuant to OCGA § 9-11-39 (Code Ann. § 81A-139) is contained in the record now before us. Unfortunately, we cannot determine independently from the record here whether or not York waived his right to a jury by his actions at trial because the trial was not reported and no transcript or stipulation of the proceedings below has been filed with this appeal. "There is a presumption, in the absence of a showing to the contrary, that a public official, including a trial judge, performed faithfully and lawfully the duties devolving

upon him by law. [Cit.] And, an appeal with enumerations of error dependent upon consideration of evidence heard by the trial court, will — absent a transcript, be affirmed. [Cit.]" *Curry v. State,* 148 Ga. App. 59 (251 SE2d 86) (1978). It is the duty of the party asserting error to show it by the record. *Attwell v. Heritage Bank Mt. Pleasant,* 161 Ga. App. 193 (2) (291 SE2d 28) (1982). See also OCGA § 5-6-41 (Code Ann. § 6-805). Assertions of evidence in briefs or enumerations of error cannot satisfy this duty. *Holzmeister v. State,* 156 Ga. App. 94 (1) (274 SE2d 109) (1980). Therefore, we must conclude that the trial court correctly heard the case at bar without the intervention of a jury.

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 14, 1983.

Ronald J. York, *pro se.*
*Torin D. Togut,* for appellee.