74600. GOSS et al. v. BAYER.
(362 SE2d 768)

BEASLEY, Judge.

Plaintiff/appellee filed a separate dispossessory proceeding against each defendant. The two defendants/appellants filed separate answers which included counterclaims for monies allegedly owed to them.

By agreement the cases were consolidated for trial. They were heard by the trial court sitting without a jury. Both sides were represented by counsel and presented evidence. Neither objected to the absence of a jury nor made any request with regard to such issue. After the trial, the trial court entered its findings of fact and conclusions of law and rendered judgment for the plaintiff on his dispossessory proceedings in the amount of $2,293.96 and against the defendants on their counterclaims finding they were "entitled to take nothing."

Afterwards, in their motion for new trial, defendants contended the verdict was illegal as to their counterclaim because they were denied their constitutional right to a jury trial which had not been legally waived. Upon the denial of that motion, defendants appeal to this court asserting error because there was no legal waiver of their right to a jury trial.

1. The motion to dismiss the appeal is denied. Where appellee has recovered between one cent and $2,500 on his complaint and has prevailed on appellant's counterclaim (a zero judgment) then a direct appeal is proper. *Honester v. Tinsley*, 183 Ga. App. 146 (358 SE2d 295) (1987).

2. The U. S. and Georgia Constitutions provide for the preservation of jury trials. Georgia Const. of 1983, Art. I, Sec. I, Par. XI; 7th Amendment to U. S. Constitution. Formerly, our Supreme Court held that this right could be conditioned upon a proper demand. *Flint River Steamboat Co. v. Foster*, 5 Ga. 194, 205-208 (6-9) (1848). *Sutton v. Gunn*, 86 Ga. 652, 657 (2) (12 SE 979) (1891); *Patterson & Son v. Barnett Nat. Bank*, 150 Ga. 241 (1) (103 SE 224) (1920).

OCGA §§ 9-11-38 and 9-11-39 (Rules 38 and 39 of the Civil Practice Act) now provide that jury trials in civil cases are automatic where the right is declared by the constitution of the state or given by statute except where the parties consent to a bench trial "by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record." OCGA § 9-11-39 (a).

Our Court has reasoned that one may also waive the right by conduct indicative of the fact that the right is not asserted. Thus, *Servisco v. R. B. M. of Atlanta*, 147 Ga. App. 671, 672 (2) (250 SE2d 10) (1978) held: "A party to litigation cannot 'voluntarily participate in a trial before a judge without a jury, proceed without reservation to have the trial court hear the case without the intervention of a jury, not object to the trial court's rendering judgment on the merits, and, then, after an unfavorable judgment is rendered, set aside the judgment because no jury trial was had . . .'" Accord *Raintree Farms v. Stripping Center*, 166 Ga. App. 848 (1) (305 SE2d 660) (1983); *York v. Miller*, 168 Ga. App. 849 (310 SE2d 577) (1983). See *Wise &c. Assoc. v. Rosser White &c.*, 146 Ga. App. 789, 795 (6) (247 SE2d 479) (1978); *Holloman v. Holloman*, 228 Ga. 246, 247 (1) (184 SE2d 653) (1971).

Appellants cite *Simonton Constr. Co. v. Pope*, 213 Ga. 360, 361 (2) (99 SE2d 216) (1957), as authority that the right to a jury trial may not be impliedly waived but must be *expressly* waived. That case dealt with exceptions of fact to an auditor's report which must be passed upon by a jury; it has been cited as authority for the general proposition regarding all types of jury trials only in *Henderson v. County Bd. of Registration*, 126 Ga. App. 280, 284 (1) (190 SE2d 633) (1972).

As pointed out in *Wise &c. Assoc.*, supra, *Simonton Constr. Co.*, supra, must be limited to its facts. Moreover, because the "full bench" rule has been abolished, *Hall v. Hopper*, 234 Ga. 629, 630-632 (216 SE2d 839) (1975), we are not bound by that decision or any prior thereto; insofar as it conflicts with *Holloman*, supra, it must yield to

that ruling which "being later in time is the more persuasive decision."[1] *Houston v. Lowes of Savannah*, 235 Ga. 201, 203 (2) (219 SE2d 115) (1975); *Hill v. Hosp. Auth.*, 137 Ga. App. 633, 638 (3) (224 SE2d 739) (1976).

Appellants in this case waived their right to a jury trial by their "conduct" in participating in the bench trial and their "silence" in failing to protest or object. See *Sutton v. Gunn*, 86 Ga. 652, 657, supra.

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 16, 1987 —
REHEARING DENIED NOVEMBER 4, 1987 — 

*Denmark Groover, Jr.*, for appellants.
*Walter H. Bush, Jr., Nan A. Jennings*, for appellee.

---

[1] In addition *Simonton*, supra, was not full bench while *Holloman*, supra, was. See *Pelham &c. Assn. v. Williams*, 216 Ga. 730, 732 (119 SE2d 578) (1961).