A99A0220. SURGIJET, INC. v. HICKS.
(511 SE2d 194)

ELDRIDGE, Judge.

Michael S. Hicks, appellee, filed suit against appellant SurgiJet, Inc. ("SurgiJet"), alleging that SurgiJet breached their employment contract by failing to pay him the wages to which he was entitled through the date of his resignation. SurgiJet answered, denied that it owed Hicks any back wages, and filed a counterclaim seeking reimbursement for overpayment of wages to Hicks during the term of Hicks' employment. After a bench trial, the trial court entered judgment in favor of Hicks in the principal amount of $20,500, plus

---

[3] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

$2,934.29 pre-judgment interest, calculated at seven percent, and the cost of the action. SurgiJet was not awarded anything on its counterclaim. SurgiJet appeals from the entry of the judgment.

1. SurgiJet's enumeration of error and brief were not timely filed. Hicks has filed a motion to dismiss based on the untimely filing. "While we exercise our discretion in this instance to deny [Hicks'] motion to dismiss, we urge compliance with the mandates of our rules in this and other matters, and point out the hazards including dismissal of appeals and contempt citations which await those who fail to do so." *Steedley v. Huntley's Jiffy Stores*, 209 Ga. App. 23 (432 SE2d 625) (1993).

2. SurgiJet alleges that the trial court erred in proceeding with a bench trial without an express or implied waiver of SurgiJet's right to a trial by jury.

"In civil suits, the right to trial by jury may be implicitly waived by a party's conduct. One may waive the right to trial by jury by conduct indicative of the fact that the right is not asserted." (Citations and punctuation omitted.) *Bonner v. Smith*, 226 Ga. App. 3, 5 (485 SE2d 214) (1997). "A party to litigation cannot voluntarily participate in a trial before a judge without a jury, proceed without reservation to have the trial court hear the case without the intervention of a jury, not object to the trial court's rendering judgment on the merits, and, then, after an unfavorable judgment is rendered, set aside the judgment because no jury trial was had." (Citations and punctuation omitted.) *Goss v. Bayer*, 184 Ga. App. 730, 731 (362 SE2d 768) (1987).

In this case, no written demand for jury trial was made by SurgiJet prior of the call of the case for trial. When this case was called for trial, SurgiJet announced ready, but requested a postponement due to an absent nonparty witness, who SurgiJet alleged was unable to appear for medical reasons. When the motion for continuance was denied, SurgiJet did not request a jury trial and made no objection to proceeding to trial without a jury. SurgiJet waived its "right to a jury trial by [its] conduct in participating in the bench trial and [its] silence in failing to protest or object." (Citation and punctuation omitted.) *Goss v. Bayer*, supra at 732.

3. SurgiJet alleges that the trial court erred in awarding prejudgment interest on the principal sum because there was no evidence presented of a demand and refusal to pay the principal sum.

This is an action for breach of contract to recover unpaid wages. The amount of wages due Hicks was contested by the defendant. Therefore, recovery of pre-judgment interest by Hicks would be pursuant to OCGA § 13-6-13. See *Braner v. Southern Trust Ins. Co.*, 255 Ga. 117 (335 SE2d 547) (1985). OCGA § 13-6-13 provides for the recovery of pre-judgment interest as follows: "In all cases where an amount ascertained would be the damages at the time of the breach,

it may be increased by the addition of legal interest from that time until the recovery." Contrary to SurgiJet's assertion, under the plain wording of the statute, it was not necessary for Hicks to have made a demand for the payment of the salary and to have been denied payment by SurgiJet, in order for Hicks to be entitled to recover pre-judgment interest.

An award of pre-judgment interest under OCGA § 13-6-13 was within "the discretion of the trial judge as the trier of fact in this bench trial. [Cits.]" *CRS Sirrine v. Dravo Corp.*, 213 Ga. App. 710, 719 (3) (445 SE2d 782) (1994); see *Pulte Home Corp. v. Woodland Nursery & Landscapes*, 230 Ga. App. 455 (496 SE2d 546) (1998). We find no abuse of discretion.

4. Lastly, SurgiJet alleges that the trial court abused its discretion in forcing this case to trial only four months after the answer was filed.

OCGA § 9-11-40 (a) provides that all civil cases are "triable any time after the last day upon which defensive pleadings were required to be filed therein; provided, however, that the court shall in all cases afford to the parties reasonable time for discovery procedures, subsequent to the date that defensive pleadings were required to be filed[.]" SurgiJet contends that it made a written request for continuance prior to trial and requested a continuance because it had not completed discovery. However, the record does not support SurgiJet's contention that a written request for continuance was made in this case. SurgiJet attached to its brief a copy of its motion for continuance, which does *not* show on its face that it was ever filed. Even if this exhibit was sufficient to show that a written request for continuance was made, we could not consider it because exhibits to briefs on appeal are not part of the record and cannot be considered. *In the Interest of J. C. H.*, 224 Ga. App. 708 (482 SE2d 707) (1997); *Jones v. State*, 224 Ga. App. 340, 341 (2) (480 SE2d 618) (1997).

Further, SurgiJet did not orally request a continuance based on incomplete discovery when the case was called for trial. As set forth in Division 2, SurgiJet announced ready for trial with the exception of an unavailable out-of-state witness. In support of its motion for continuance, SurgiJet submitted to the trial court a letter from the witness stating that he was unable to attend because of medical reasons. The letter was not filed of record or admitted into evidence and is not part of the record on appeal. The trial court gave SurgiJet's counsel an opportunity to contact the witness and/or the doctor to obtain a statement from the doctor saying that, in his opinion, the witness was unable to attend trial. SurgiJet's counsel was unable to contact the witness or the doctor, and the trial court denied the motion.

" 'A motion for a continuance based on an absent witness is

addressed to the sound legal discretion of the trial court and no error will be assigned unless it appears that the trial court abused that discretion in passing on the motion.' *United Motor Freight Terminals v. Driver*, 75 Ga. App. 571, 572 (44 SE2d 156) (1947). OCGA § 9-10-160 provides that all applications for continuances based upon the absence of a witness shall set forth eight different requirements. Where any one of these statutory requirements is not met, there is no abuse of the trial court's discretion to deny a continuance. *Carroll v. Crawford*, 218 Ga. 635 (129 SE2d 865) (1963) (construing an earlier version of OCGA § 9-10-160). One of the eight statutory requirements is that the absent witness does not reside outside of the state. OCGA § 9-10-160 (3). As [SurgiJet] readily admit[s] that [the absent witness] resided outside of Georgia, it was not error for the trial court to deny [SurgiJet's] request for a continuance." *Tucker v. Signature Flight Support-Savannah*, 219 Ga. App. 834, 835 (466 SE2d 694) (1996). We find no abuse of discretion in the trial court's denial of SurgiJet's motion for continuance.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED JANUARY 25, 1999.

*John R. Jackson*, for appellant.
*A. Joseph Nardone, Jr.*, for appellee.