S06F0577. WALKER v. WALKER.
(631 SE2d 697)

THOMPSON, Justice.

Appellant Larry M. Walker ("husband") applied for a discretionary appeal from an order denying his motion for new trial and motion to set aside following the entry of a final judgment and decree of divorce. His application was granted in accordance with the pilot project currently in effect for domestic cases. Finding that husband was improperly denied his right to a jury trial, we reverse.

On January 13, 2005, appellee Alfreda A. Walker ("wife") filed a complaint for divorce seeking to terminate the parties' five-year marriage. Husband, acting pro se, filed his answer and counterclaim, and on March 4, 2005, filed a timely written request for a jury trial. The case appeared on a notice of jury trials scheduled for 9:00 a.m. on April 18, 2005; both parties received that notice. When the case was called for trial, wife and wife's counsel were present, but husband was not. Wife's counsel advised the court that the parties had been in settlement negotiations on the prior day, that they had reached a verbal agreement as to the distribution of some, but not all of the marital assets, and that they would engage in mediation with respect to the remaining assets. Wife's attorney further advised the court that husband had agreed to meet with her at 8:30 a.m. that morning to review a proposed consent order; but that he had not appeared.[1]

---

[1] There is no transcript of the April 18, 2005 trial. The only transcript included in the record on appeal is that of the hearing on the motion for new trial or to set aside judgment, at which both parties were represented by counsel. Although husband's counsel sought to offer husband's sworn testimony at that hearing, wife's counsel offered to allow opposing counsel to proffer what she expected husband's testimony to be, stating, "I don't think there is going to be a dispute as

The court called the calendar at 9:00 a.m., and allowed an additional 30 minutes for husband to arrive. When by 9:30 a.m. he still had not appeared, the court conducted a bench trial, heard evidence from wife, and made a final ruling. Husband appeared in court at 9:45 a.m. and was told that his case had already been called and heard. After the bench trial, the court issued a final judgment that divided the couple's assets and debt. On appeal, husband asserts that the trial court abused its discretion in conducting a bench trial in his absence, and in refusing to grant a new trial or to set aside the judgment.

Civil litigants in our trial courts are guaranteed the right to a jury trial by the Constitution of Georgia 1983, Art. I, Sec. I, Par. XI which provides: "(a) The right to trial by jury shall remain inviolate, except that the court shall render judgment without the verdict of a jury in all civil cases where no issuable defense is filed and where a jury is not demanded in writing by either party." OCGA § 9-11-38 of the Civil Practice Act restates that provision: "The right of trial by jury as declared by the Constitution of the state or as given by a statute of the state shall be preserved to the parties inviolate." Waiver of the right to a jury trial is a matter which is "carefully controlled" by statute. *Manderson & Assocs. v. Gore*, 193 Ga. App. 723 (5) (389 SE2d 251) (1989). See OCGA § 9-11-39 (a) ("The parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, may consent to trial by the court sitting without a jury."). "The requirement of written stipulation before waiver of the right to trial by jury carries the implication that such waivers be knowing and voluntary, i.e., demonstrates full understanding of all circumstances surrounding relinquishment of the known right." *Howard v. Bank South, N.A.*, 209 Ga. App. 407, 410 (4) (433 SE2d 625) (1993). The determination as to whether an absent party should be granted a new trial is a matter peculiarly within the discretion of the trial court. *Melcher v. Melcher*, 274 Ga. 711, 712 (559 SE2d 468) (2002). See also OCGA § 5-5-25 (trial court must exercise sound legal discretion in granting or refusing a motion for new trial).

While "a party in a divorce case can, by [his or her] voluntary actions, impliedly waive a demand for a jury trial," *Matthews v. Matthews*, 268 Ga. 863, 864 (2) (494 SE2d 325) (1998), such waiver must be established "by conduct indicative of the fact that the right is not asserted." (Punctuation omitted.) *Bonner v. Smith*, 226 Ga. App. 3, 5 (4) (485 SE2d 214) (1997). In *Bonner*, the party who requested a jury trial failed to appear in court after being properly

---

to what he would testify." As a result, the hearing consists only of argument by counsel. Since the salient facts are undisputed, we will consider that argument for purposes of this appeal.

notified, and also failed to respond to the opposing party's motion for bench trial and to strike his defensive pleadings. The Court of Appeals held: "[b]y this repetitive conduct, which ultimately resulted in the striking of his entire defensive pleadings, appellant implicitly waived his right to trial by jury." Id. at 5. Unlike *Bonner*, the facts in the present case merely show that husband was 45 minutes late in answering the calendar call. We do not perceive his conduct on the evening prior to trial as indicative of a waiver of his asserted right to a jury trial.

*Matthews*, supra, is dispositive. In that case, we held that where a demand for a jury trial had been timely filed, and there was no waiver, either by written stipulation or implicit in the conduct of the requesting party, there was an abuse of the trial court's discretion in failing to submit the case to a jury. As in *Matthews*, supra at 864, husband "did not expressly consent to a bench trial. And, inasmuch as [he] did not take part in the trial at all, it cannot be said that [he] impliedly waived [his] jury trial demand."[2] It follows that the trial court erred in refusing to set aside the judgment of divorce.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 26, 2006.

*Wendy A. Jerkins*, for appellant.
*Foster & Hanks, Marcy A. Hanks*, for appellee.

---

[2] Because husband also claims that opposing counsel in some manner misled the trial court, we are compelled to note that we find no such dereliction on counsel's part.