### S06F2037. FINE v. FINE.
(642 SE2d 698)

HUNSTEIN, Presiding Justice.

Appellant Carrie Fine ("Wife") and appellee Robert Fine ("Husband") married in October 2004 and separated in July 2005. Husband filed for divorce; Wife answered and counterclaimed for alimony. Although Wife timely filed a request for a jury trial, when the parties and their counsel appeared before the court, the case was heard without a jury. The court thereafter entered a decree in which it granted the divorce and divided the property but awarded no alimony to either party.

Wife timely filed a pro se motion for new trial, challenging, inter alia, the court's disallowance of a jury trial. The hearing on the motion was set for May 25, 2006, but the day before the hearing Wife filed a motion for a continuance "until the next term of court," in which she noted that the transcript "has not yet been produced to the Defendant-Wife for her review and preparation of her argument for a new trial" and requested that she be provided a copy "at no charge." The trial court granted the continuance and reset the hearing on Wife's motion

for June 21, 2006. Wife filed a second motion for continuance on June 16, repeating her statements from the previous motion and adding, inter alia, that the transcript was still not available. The trial court did not grant this second motion and proceeded to rule on Wife's motion for new trial. In its order denying the motion, the trial court noted that it had conducted an inquiry and found that Wife had not contacted the court reporter in regard to preparation of a trial transcript.

We automatically granted Wife's discretionary appeal pursuant to this Court's pilot project. See *Wright v. Wright*, 277 Ga. 133 (587 SE2d 600) (2003). No transcript of the proceedings was included on appeal. See OCGA § 5-6-41 (c) (duty of appellant to have transcript prepared at appellant's expense). See also *Quarterman v. Edwards*, 169 Ga. App. 300 (2) (312 SE2d 643) (1983) (no right to free transcript for indigent in appellate, civil proceeding).

1. Wife's claim that jurisdiction and venue were improper was not raised until motion for new trial and thus is waived. OCGA § 9-11-12 (h) (1) (B).[1]

2. Wife contends the trial court erred by not allowing her a jury trial. Wife's request was in writing and filed two days before the case was called. See *Matthews v. Matthews*, 268 Ga. 863 (1) (494 SE2d 325) (1998). No written withdrawal of that request or written stipulation to a bench trial, see OCGA § 9-11-39, is in the record. Wife was represented by counsel when the case was heard by the trial judge who, notwithstanding the request, sat without a jury. The parties in their briefs contradict each other as to whether Wife, through counsel, waived the jury trial request. The trial court later denied Wife's motion for new trial, in which she expressly enumerated as error the disallowance of a jury trial.

The appellate courts have recognized that a party may waive a right to jury trial by his or her actions, either by appearing at the hearing and allowing the bench trial to proceed without objection, e.g., *Holloman v. Holloman*, 228 Ga. 246 (1) (184 SE2d 653) (1971), or, in rare circumstances, "by conduct indicative of the fact that the right is not asserted" (punctuation omitted), *Bonner v. Smith*, 226 Ga. App. 3, 5 (4) (485 SE2d 214) (1997), i.e., by failing to appear in court after proper notification and ignoring motions filed by the opposing party, such as a motion for bench trial. Compare *Walker v. Walker*, 280 Ga. 696 (631 SE2d 697) (2006). The instant case, however, does not fit within either of these categories because Wife appeared in court with counsel and the proceedings were reported, but due to appellant's

---

[1] The record reflects Wife made admissions in her answer and set forth facts in her counterclaim confirming that jurisdiction and venue were proper.

own failure to have the transcript prepared,[2] we cannot determine whether Wife's counsel made an oral stipulation in open court withdrawing the request for a jury trial, as per OCGA § 9-11-39; or whether, absent such a stipulation, Wife timely objected to the trial court hearing the matter without a jury, as per *Holloman*, supra.

We find most comparable to this situation the case of *York v. Miller*, 168 Ga. App. 849 (310 SE2d 577) (1983), a contested contract case in which York on appeal challenged the case being heard by the court rather than before a jury. The Court of Appeals recognized that York had a right to a jury trial unless waived and noted the absence of a written waiver or stipulation in the record. See OCGA § 9-11-39. The Court of Appeals then turned to whether York waived his right to jury trial by his actions.

> Unfortunately, we cannot determine independently from the record here whether or not York waived his right to a jury by his actions at trial because . . . no transcript or stipulation of the proceedings below has been filed with this appeal. "There is a presumption, in the absence of a showing to the contrary, that a public official, including a trial judge, performed faithfully and lawfully the duties devolving upon him by law. (Cit.) And, an appeal with enumerations of error dependent upon consideration of evidence heard by the trial court, will — absent a transcript, be affirmed. (Cit.)" [Cit.] It is the duty of the party asserting error to show it by the record. [Cits.] Assertions of evidence in briefs or enumerations of error cannot satisfy this duty. [Cit.] Therefore, we must conclude that the trial court correctly heard the case at bar without the intervention of a jury.

Id. at 849-850.

We find this reasoning persuasive. Applying the presumption of the trial court's faithful and lawful performance of its duties, we therefore conclude, in the absence of a transcript, that the trial court correctly heard Wife's case without the intervention of a jury.

3. Under the facts established by the record, we find no merit in appellant's contention that the trial court erred by ruling on her motion for new trial prior to the completion of a transcript appellant has failed to ever request.

---

[2] Contrary to Wife's claims, the record reveals that she only requested to be provided a copy of the transcript "at no charge," to which she as an indigent civil appellant was not entitled. See *Quarterman*, supra. The record does not reflect that she contacted the court reporter and sought to be billed for a copy of the transcript.

4. In the absence of a transcript or a statutorily-authorized substitute, see OCGA § 5-6-41 (g), this Court must assume that the evidence adduced during the bench trial was sufficient to support the trial court's evidentiary rulings regarding Wife's remaining enumerations of error.[3] See generally *Price v. Price*, 281 Ga. 126, 127 (636 SE2d 546) (2006).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 19, 2007 —
RECONSIDERATION DENIED APRIL 10, 2007.

Carrie R. Fine, *pro se.*
*W. Dennis Mullis*, for appellee.

---

[3] Wife challenges the equitable division of the parties' property; whether certain property was an interspousal gift; the applicability to this case of the source of funds rule or any implied or resulting trust; the proper consideration to be given Husband's use of property titled in Husband's daughter's name; issues involving adultery; and the admissibility of evidence from Wife's witnesses and prior domestic orders.