### A09A0109. COLE v. ACR/ATLANTA CAR REMARKETING, INC.
(672 SE2d 420)

BLACKBURN, Presiding Judge.

 Following a bench trial, the trial court rendered a verdict and judgment in favor of ACR/Atlanta Car Remarketing, Inc. (ACR), in its breach of contract and fraud action against James Cole. Cole appeals the judgment and the denial of his motion for new trial, arguing that the court erred in denying his right to a jury trial. For the reasons set forth below, we affirm.

 The record shows that in January 2004, ACR sold a 2001 Lexus automobile to Cole, for which Cole paid with a check for $26,300. However, the check was returned for insufficient funds, and repeated attempts by ACR over the next few months to obtain payment from Cole for the vehicle were unsuccessful. Consequently, on June 28, 2004, ACR sued Cole, alleging breach of contract and fraud and seeking judgment for $26,300, interest, attorney fees, and punitive damages. Shortly thereafter, Cole answered and counterclaimed, alleging that the exchange of the automobile was compensation as part of a larger oral agreement between the parties, which ACR had breached.

---

 On September 12, 2006, the trial court dismissed the matter after both parties failed to appear at a hearing that had been scheduled for the previous day. One week later, ACR moved to set aside the court's order, arguing that it had not received notice of the hearing. As a result, the court vacated its order dismissing the case. Cole then failed to appear for a civil jury calendar, which had been scheduled for May 29, 2007, causing the court to strike his pleadings and enter judgment in favor of ACR. Cole moved to set aside the judgment, arguing that he had not received notice of the trial date. The court held a hearing on Cole's motion on November 13, 2007, at which time it vacated its judgment and set the case for a December 14, 2007 bench trial. On December 13, 2007, the court issued a written order, in which it again held that it was vacating its judgment on the ground that Cole had not received notice of the May 29, 2007 trial date and in which it noted that the case was set for the next available trial calendar.

On December 14, 2007, both parties appeared in court. As the proceedings began, Cole demanded a jury trial, arguing that he had only learned earlier in the week that the case was to be tried by the bench. The trial court denied Cole's demand, reiterating that the parties had been notified that the case would be bench tried and further noting that Cole had not demanded a jury trial in his pleadings. Cole maintained his objection but proceeded to try the case after unsuccessfully moving for a continuance. At the trial's conclusion, the court rendered a verdict and entered judgment in favor of ACR. Subsequently, Cole moved for a new trial, arguing that the trial court erred in denying him a jury trial. After an evidentiary hearing, the trial court denied Cole's motion. This appeal followed.

In his sole enumeration of error, Cole contends that the trial court erred in denying his right to a jury trial. We disagree.

The Georgia Constitution provides: "The right to trial by jury shall remain inviolate, except that the court shall render judgment without the verdict of a jury in all civil cases where no issuable defense is filed and where a jury is not demanded in writing by either party." Ga. Const. of 1983, Art. I, Sec. I, Par. XI (a). Similarly, OCGA § 9-11-38 of the Civil Practice Act provides: "The right of trial by jury as declared by the Constitution of the state or as given by statute of the state shall be preserved to the parties inviolate." "Waiver of the right to a jury trial is a matter which is carefully controlled by statute." (Punctuation omitted.) *Walker v. Walker*.[1] Under OCGA § 9-11-39 (a), "[t]he parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open

---

[1] *Walker v. Walker*, 280 Ga. 696, 697 (631 SE2d 697) (2006).

court and entered in the record, may consent to trial by the court sitting without a jury."

In addition to these constitutional and statutory mandates, there is a third means by which a party may forego his right to a jury trial. "In civil suits, the right to trial by jury may be implicitly waived by a party's conduct." (Punctuation omitted.) *SurgiJet, Inc. v. Hicks.*[2] Specifically,

> [t]he appellate courts have recognized that a party may waive a right to jury trial by his or her actions, either by appearing at the hearing and allowing the bench trial to proceed without objection or, in rare circumstances, by conduct indicative of the fact that the right is not asserted, i.e., by failing to appear in court after proper notification and ignoring motions filed by the opposing party, such as a motion for bench trial.

(Citations and punctuation omitted.) *Fine v. Fine.*[3]

In this matter, Cole filed an answer raising issuable defenses to ACR's breach of contract and fraud allegations against him but did not make a written demand for a jury trial. Cole also never filed a written stipulation to a bench trial, but the record is less clear as to whether he orally stipulated to a bench trial pursuant to OCGA § 9-11-39 (a) at the untranscribed November 13, 2007 hearing. At the December 14, 2007 trial, Cole objected to the matter being tried by the bench and demanded a jury trial. Although the trial court's order found that Cole was notified that the case would be tried by the bench, the order does not specify whether Cole orally stipulated on the record at the November 13, 2007 hearing to such a trial or merely acquiesced to it.

However, we need not address these issues in light of the fact that the trial court's order also found that Cole waived his right to a jury trial by his conduct. Specifically, the court's order found that Cole's waiver was implied by his failure to make a written demand for a jury trial and by his failure to object to the case being specially set for a bench trial at the November 13, 2007 hearing on his successful motion to vacate the judgment. Cole argues that he has always intended that this matter would be tried by a jury and that he has not engaged in any conduct that could be construed as waiving that right. But, as in *Fine*, we cannot determine independently from the record whether or not Cole waived his right to a jury trial (as the trial court found) by failing to object to the special setting of a bench

---

[2] *SurgiJet, Inc. v. Hicks*, 236 Ga. App. 80, 81 (2) (511 SE2d 194) (1999).
[3] *Fine v. Fine*, 281 Ga. 850, 851 (2) (642 SE2d 698) (2007).

trial at the November 13, 2007 hearing because no transcript of that hearing has been filed with this appeal.

> There is a presumption, in the absence of a showing to the contrary, that a public official, including a trial judge, performed faithfully and lawfully the duties devolving upon him by law. And, an appeal with enumerations of error dependent upon consideration of evidence heard by the trial court, will — absent a transcript, be affirmed. It is the duty of the party asserting error to show it by the record. Assertions of evidence in briefs or enumerations of error cannot satisfy this duty.

(Punctuation omitted.) Id. at 852 (2). See *York v. Miller*.[4] Applying the presumption of the trial court's faithful and lawful performance of its duties, we therefore conclude, in the absence of a transcript of the November 13, 2007 hearing, that Cole did not object to the case being specially set for a bench trial at that hearing and thus by his conduct waived his right to have this matter tried before a jury. See *Fine*, supra, 281 Ga. at 852 (2); *York*, supra, 168 Ga. App. at 849-850. Accordingly, the trial court did not err in hearing the case without a jury.

*Judgment affirmed. Ruffin and Adams, JJ., concur.*

DECIDED DECEMBER 19, 2008 —
RECONSIDERATION DENIED JANUARY 13, 2009.

*William G. Quinn III*, for appellant.
*S. Robert Hahn, Jr.*, for appellee.

---

[4] *York v. Miller*, 168 Ga. App. 849, 850 (310 SE2d 577) (1983).