### A10A1285. BARNER v. BINKLEY.
(695 SE2d 398)

BLACKBURN, Judge.

Following a bench trial at which he did not appear, Gary Barner appeals the trial court's denial of his motion to set aside the judgment entered against him on Thelma Binkley's claims of abandonment of easement and trespass. Barner claims that he did not receive notice of the trial and that he never waived his right to a jury trial. For purposes of this opinion, we assume Barner received proper notice, since we must reverse in any case based on a violation of Barner's right to a jury trial.

The undisputed facts show that on April 23, 2008, Binkley filed suit against Barner, alleging that Barner and his predecessor-in-title had abandoned a ten-foot-wide easement granted them over Binkley's property by failing to use such for over twenty-five years (ever since Barner's predecessor-in-title had allegedly erected a barrier to the use of the easement in 1974 and had told Binkley the easement would no longer be used). Claiming such constituted an abandonment of the easement under OCGA § 44-9-6, Binkley sought trespass damages for Barner's 2006 removal of the barriers and his 2007 construction of a 17-foot road over the old easement (over her repeated objections), and further sought punitive damages for Barner's alleged wilful misconduct and belligerence in his construction and use of the new road.

Barner answered the complaint through counsel, denying all material allegations. After Barner's counsel was allowed to withdraw from representing Barner, Binkley's counsel filed a notice of the final hearing on the case (scheduled for July 9, 2009), sending a copy of the notice by regular mail to Barner at his address in the record. The notice did not specify whether the trial would be a bench trial or a jury trial.

Barner did not appear at the trial on July 9, either personally or

through counsel. Without explaining why, the trial court tried the matter as a bench trial, and after hearing the evidence, ruled in favor of Binkley on the issue of easement abandonment. In a judgment entered that same day, the court awarded Binkley $97,060 in compensatory and punitive damages and issued a permanent injunction enjoining Barner from trespassing on Binkley's land.

On September 9, 2009, Barner moved to set aside the judgment, claiming that nonamendable defects of record existed in that he had neither received notice of the trial nor waived his right to a jury trial. After an evidentiary hearing on the matter, the court denied the motion, addressing only the issue of notice to Barner and finding that Barner had been properly served. After we granted his application for discretionary appeal, Barner appealed this denial to this Court.

1. We first address the standard of review, which seems to have confused appellant Barner. Barner repeatedly states in his appellate brief that he filed his motion to set aside in the same term of court as that in which the court entered its judgment against him, and therefore argues that it was within the complete discretion of the inherent power of the court to amend, modify, vacate, or set aside its judgment. The record belies this approach.

The trial court, which was the Superior Court of Floyd County, entered the judgment against Barner on July 9, 2009. Barner did not file his motion to set aside that judgment until September 9, 2009. Because the relevant term of court for the Superior Court of Floyd County ran from the second Monday in March until the commencement of the next term on the second Monday in July (which next term continued until the commencement of the following term on the second Monday in September) (see OCGA § 15-6-3 (33)), the judgment entered on July 9, 2009 fell within the term that expired on July 12, 2009. Barner's motion to set aside, filed on September 9, 2009, fell within the next term, which expired on September 13, 2009. The bottom line is that Barner's motion was filed outside the term in which the judgment was entered.

Nevertheless, the motion to set aside was timely, as such motions need only be filed within three years from entry of the judgment complained of. See OCGA § 9-11-60 (f). We therefore refer to the general appellate rule on reviewing orders on such motions, which is that we do not reverse a trial court's ruling on a motion to set aside unless the trial court abused its discretion. See *Brown v. Gadson*.[1] However, where, as here, the facts are undisputed and the question

---

[1] *Brown v. Gadson*, 288 Ga. App. 323, 323 (654 SE2d 179) (2007).

is one of law, we review the ruling de novo. *Guthrie v. Wickes*.[2]

2. We next address whether a motion to set aside is the proper vehicle for addressing a claim that a party was denied the right to a jury trial.[3] We answer that question in the affirmative, as a motion to set aside may be brought based on "[a] nonamendable defect which appears upon the face of the record or pleadings." OCGA § 9-11-60 (d) (3). The "failure to conduct a jury trial [is] a nonamendable defect where no waiver of jury trial appeared of record." *Smyrna Marine v. Stocks*.[4] See *Brown v. Wilson Chevrolet-Olds*[5] ("case of a bench trial in the absence of jury waiver" constitutes a nonamendable defect).

3. For purposes of this appeal, we assume Barner received proper notice of trial and therefore address only the question of whether Barner's right to a jury trial was violated. In this regard, we observe first that "OCGA §§ 9-11-38 and 9-11-39 . . . now provide that jury trials in civil cases are automatic where the right is declared by the constitution of the state or given by statute. . . ." *Goss v. Bayer*.[6] Thus, in a tort action such as this, a party need not make a formal demand for a jury trial to preserve that right. *Cole v. ACR/Atlanta Car Remarketing*[7] sets forth concisely other relevant principles of law:

> The Georgia Constitution provides: "The right to trial by jury shall remain inviolate, except that the court shall render judgment without the verdict of a jury in all civil cases where no issuable defense is filed and where a jury is not demanded in writing by either party." Ga. Const. of 1983, Art. I, Sec. I, Par. XI (a). Similarly, OCGA § 9-11-38 of the Civil Practice Act provides: "The right of trial by jury as declared by the Constitution of the state or as given by statute of the state shall be preserved to the parties inviolate." "Waiver of the right to a jury trial is a matter which is carefully controlled by statute." [Cit.] Under OCGA § 9-11-39 (a), "(t)he parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, may consent to trial by the court sitting without a jury."

---

[2] *Guthrie v. Wickes*, 295 Ga. App. 892, 892 (673 SE2d 523) (2009).

[3] We need not address the ruling that Barner was properly served, as we assume the correctness of that ruling for purposes of this opinion.

[4] *Smyrna Marine v. Stocks*, 172 Ga. App. 426, 427 (1) (323 SE2d 286) (1984).

[5] *Brown v. Wilson Chevrolet-Olds*, 150 Ga. App. 525, 527 (1) (258 SE2d 139) (1979).

[6] *Goss v. Bayer*, 184 Ga. App. 730, 731 (2) (362 SE2d 768) (1987).

[7] *Cole v. ACR/Atlanta Car Remarketing*, 295 Ga. App. 510, 511-512 (672 SE2d 420) (2008).

In addition to these constitutional and statutory mandates, there is a third means by which a party may forego his right to a jury trial. "In civil suits, the right to trial by jury may be implicitly waived by a party's conduct." [Cit.] Specifically, "(t)he appellate courts have recognized that a party may waive a right to jury trial by his or her actions, either by appearing at the hearing and allowing the bench trial to proceed without objection or, in rare circumstances, by conduct indicative of the fact that the right is not asserted, i.e., by failing to appear in court after proper notification and ignoring motions filed by the opposing party, such as a motion for bench trial." [Cit.]

(Punctuation omitted.) See *York v. Miller*.[8]

Because there is no evidence or claim that Barner waived his right to a jury trial either in writing or orally, and because Barner did not appear at the hearing and allow the bench trial to proceed without objection (compare *Meacham v. Franklin-Heard County Water Auth.*;[9] *Surgijet, Inc. v. Hicks*[10]), Binkley argues that this was one of those "rare circumstances" where Barner engaged in conduct indicative of the fact that his right to a jury trial was not asserted, "i.e., by failing to appear in court after proper notification and ignoring motions filed by the opposing party, such as a motion for bench trial." *Fine v. Fine*.[11]

The seminal case on conduct indicative of a defendant waiving his right to a jury trial is *Bonner v. Smith*,[12] in which the court found that the following repetitive behavior demonstrated an implicit waiver of the right to a jury trial:

Appellant, after being duly notified of both the calendar call and the court call[,] voluntarily elected not to take action either to obtain his timely presence in court or to provide for an authorized representative to appear on his behalf at these proceedings. The bench trial was held on August 8, 1996. Appellant received a copy of appellees' motion for bench trial and to strike his defensive pleadings on August 6, 1996; however, he did not file his objections until August 12, 1996, after the bench trial was held. Neither did

---

[8] *York v. Miller*, 168 Ga. App. 849, 849 (310 SE2d 577) (1983).

[9] *Meacham v. Franklin-Heard County Water Auth.*, 302 Ga. App. 69, 75-76 (2) (b) (690 SE2d 186) (2009).

[10] *Surgijet, Inc. v. Hicks*, 236 Ga. App. 80, 81 (2) (511 SE2d 194) (1999).

[11] *Fine v. Fine*, 281 Ga. 850, 851 (2) (642 SE2d 698) (2007).

[12] *Bonner v. Smith*, 226 Ga. App. 3, 4-5 (4) (485 SE2d 214) (1997).

appellant inform the court of any difficulties nor communicate to the court in any manner, regarding the calendar call or subsequent call of the case to trial. *By this repetitive conduct, which ultimately resulted in the striking of his entire defensive pleadings, appellant implicitly waived his right to trial by jury.*

(Emphasis supplied.) Id. at 5 (4).

We have no such repetitive conduct here. Binkley did not serve Barner with a motion for a bench trial nor with a motion to strike his defensive pleadings, both of which would have placed Barner on notice that his right to a jury trial was in jeopardy. Nor had the trial court announced to Barner that it intended to conduct a bench trial, with no objection from Barner. Compare *Cole*, supra, 295 Ga. App. at 513. Rather, we have only Barner's choice not to appear for trial. The Supreme Court of Georgia in *Matthews v. Matthews*[13] specifically held that the mere failure to appear for trial cannot constitute an implied waiver of the right to a jury trial. Indeed, *Matthews* went on to disapprove a prior Supreme Court case to the extent the prior case could be read otherwise. Id. at 864-865 (2). Accordingly, *Matthews* held that the appellant was entitled to a new trial. Id. at 865 (2). Similarly, *Walker v. Walker*,[14] which involved a party that showed up 45 minutes late to trial (during which time the bench trial was conducted and concluded), held that by failing to appear for trial, a party did not impliedly waive his right to a jury trial. *Walker* specifically distinguished *Bonner*, supra, on the ground that *Bonner* involved repetitive conduct that included failing to respond to a motion for a bench trial and to strike defendant's defensive pleadings. *Walker*, supra, 280 Ga. at 697-698.

Based on these authorities, it is clear that a party's failure to appear for trial cannot alone constitute an implied waiver of a jury trial. Rather, there must be something more that exhibits that the party was notified that a bench trial was being sought or had been announced and nevertheless raised no timely objection to that effort or announcement. Thus, Binkley's reference to Barner's failure to appear for a pretrial mediation conference, which mediation in no way represented an effort to seek or announce a bench trial, cannot fall into this category.

Accordingly, in the absence of any evidence of an implied waiver of Barner's right to a jury trial, we hold that, as a matter of law, a nonamendable defect of record existed, and that the trial court erred in denying Barner's motion to set aside the judgment.

---

[13] *Matthews v. Matthews*, 268 Ga. 863, 864 (2) (494 SE2d 325) (1998).
[14] *Walker v. Walker*, 280 Ga. 696, 697-698 (631 SE2d 697) (2006).

*Judgment reversed. Barnes, P. J., and Bernes, J., concur.*

DECIDED MAY 12, 2010.

*Clarence R. Patton, Wade C. Hoyt IV*, for appellant.
*Smith, Price & Wright, Sidney P. Wright*, for appellee.