A10A1564. AFFATATO v. CONSIDINE.
(700 SE2d 717)

POPE, Senior Appellate Judge.
The trial court found the defendant, Michael Affatato, guilty of three counts of criminal contempt for violating its prior order requiring him to make certain payments to the plaintiff, Cecily

Considine.[1] Affatato appeals, arguing that he was improperly denied the right to a trial by jury on the question of whether he and his company lacked the financial ability to make the ordered payments. He also argues that there was insufficient evidence to sustain the trial court's finding that the failure to make the payments was based upon a willful disobedience of the court's prior order rather than an inability to pay. Additionally, Affatato argues that his conviction on the second count of criminal contempt for failure to pay must be reversed because there was no clear and definite court order requiring that specific payment. Because there was no clear and definite court order requiring the payment that formed the basis for the second count of criminal contempt, we reverse Affatato's conviction on that count, vacate his sentence, and remand the case for resentencing on the remaining counts. We affirm the judgment in all other respects.

This lawsuit arose out of a bitter dispute between Considine and Affatato over the right to manage the business and control the assets of a Georgia company known as "Model Master."[2] Alleging that Affatato had "embarked on a campaign . . . to systematically dismantle and misappropriate the assets of [Model Master] to the complete exclusion of [Considine]," Considine filed the instant action against Affatato for conversion, unjust enrichment, fraud, and multiple other claims. Responding that it was Considine who had embarked on a campaign to plunder the business assets, Affatato answered and asserted several counterclaims, including claims for fraud and embezzlement.

Given the dispute over control of the business, Affatato and Considine entered into a consent order for the appointment of a receiver to oversee Model Master during the pendency of the litigation (the "Consent Order"). When Affatato subsequently violated the Consent Order and failed to timely respond to Considine's discovery requests, the trial court ordered Affatato to make certain payments to Considine out of both his personal funds and out of Model Master's funds by a specific deadline (the "Sanctions Order").

Affatato did not meet the deadline for making the payments required by the Sanctions Order, and Considine filed a motion accusing Affatato of several counts of criminal contempt, including counts one, two, and four that were predicated upon his failure to pay her. Affatato's defense was that neither he nor Model Master had

---

[1] The trial court found Affatato guilty of an additional count of criminal contempt for the improper distribution of certain business assets to a third party in violation of a prior court order. Affatato does not challenge his conviction on that count.

[2] The parties disagree over whether Model Master constituted a partnership or some other form of business organization.

the financial ability to make the payments within the deadline imposed by the trial court.

After conducting an evidentiary hearing on Considine's contempt motion, the trial court found Affatato guilty of four counts of criminal contempt, including the counts relating to his failure to pay. Based upon the criminal contempt violations, the trial court sentenced Affatato to fifteen days of imprisonment on each count, with the proviso that five days would be suspended on each count for which he paid a fine.

1. Affatato first contends that the trial court erred in failing to allow a jury trial on the issue of whether he and Model Master lacked the financial ability to make the ordered payments. According to Affatato, he was entitled to a jury trial on this issue pursuant to OCGA § 15-1-4 (b), which provides that

> [n]o person shall be imprisoned for contempt for failing or refusing to pay over money under any order, decree, or judgment of any court of law or any other court of this state when he denies that the money ordered or decreed to be paid over is in his power, custody, or control until he has a trial by jury. . . .

Pretermitting whether OCGA § 15-1-4 (b) was applicable under the facts of this case, we conclude that Affatato waived his right to demand a jury trial.

The record reflects that Affatato did not request a jury trial in response to Considine's motion for contempt or her two amended contempt motions. Instead, Affatato requested in his response brief that the "court find[ ] that [he] [was] not in willful contempt" and filed a request for a hearing on the contempt motion on a non-jury calendar. The trial court scheduled the hearing as requested, but was unable to reach the parties on that date due to a heavy docket. Consequently, Considine, joined by Affatato, moved to continue the hearing to another non-jury calendar. The trial court again scheduled the hearing as requested. Then, during oral argument at the beginning of that hearing, Affatato pointed out that he had not yet made a demand for a jury trial on the contempt issue and did not believe that he needed to do so at that time. The trial court proceeded with the evidentiary hearing and heard from two witnesses before continuing the hearing to a later date for its completion. Three days later and prior to the reconvening of the evidentiary hearing, Affatato for the first time made a demand for the contempt motion to be heard by a jury, which the trial court denied.

Under these circumstances, Affatato waived his right to a jury trial on the issue of financial inability. In *Peacock v. Spivey*, 278 Ga.

App. 338, 342-343 (4) (629 SE2d 48) (2006), we held that the plaintiff's demand for jury trial was properly denied on the basis of waiver, noting that the plaintiff "will not now be heard to complain since he himself requested the evidentiary hearing before the trial court and did not demand a jury trial until after that hearing had commenced." See *Griffeth v. Griffin*, 245 Ga. App. 619, 619-620 (538 SE2d 521) (2000) (demand for jury trial correctly denied where parties agreed to have case heard before special master, but one of the parties then demanded a jury trial during the course of the hearing). The circumstances of the present case are similar to *Peacock* in that Affatato did not file a jury trial demand until after the evidentiary hearing had commenced, and had previously requested that the contempt hearing be placed on a non-jury calendar and affirmatively joined in a request by Considine that the hearing be continued to a non-jury calendar. Hence, the facts in this case support a finding of waiver. As we have long held, "[a] party will not be heard to complain of error induced by his own conduct, nor to complain of errors expressly invited by him." (Citation, punctuation and footnote omitted.) *Thrash v. Rahn*, 249 Ga. App. 351, 352 (2) (547 SE2d 694) (2001).[3]

Affatato nevertheless maintains that he requested a jury trial on the contempt motion when he included a demand for a jury trial in the prayer for relief found in his answer and counterclaims. Read in context, however, it is clear that the jury trial demand in that pleading was a request for a jury trial on the substantive counts of Considine's complaint and Affatato's counterclaims.

Citing to OCGA § 9-11-38[4] and OCGA § 9-11-39 (a),[5] Affatato also argues that his jury trial demand should have been granted because OCGA § 15-1-4 (b) purportedly creates a categorical right to a jury trial that can only be waived by an express written stipulation or an express oral stipulation made in open court and made part of the record. In support of his argument, Affatato relies upon *Henderson v. County Bd. of Registration & Elections*, 126 Ga. App. 280, 284 (1) (190 SE2d 633) (1972), an election contest case where we stated in dicta that if "a party has a right to trial by jury under the

---

[3] *Camilla Cotton Oil Co. v. C. I. T. Corp.*, 143 Ga. App. 840, 841-842 (2) (240 SE2d 212) (1977), relied upon by Affatato, is factually inapposite. In that case, the defendant did in fact make a demand for jury trial prior to the commencement of the evidentiary hearing, but did not call the demand to the trial court's attention until after the hearing had begun.

[4] OCGA § 9-11-38 provides: "The right of trial by jury as declared by the Constitution of the state or as given by a statute of the state shall be preserved to the parties inviolate."

[5] OCGA § 9-11-39 (a) provides: "The parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, may consent to trial by the court sitting without a jury."

Constitution or by expressed direction of a statute, . . . there can be no implied waiver but only an express waiver of such right."[6]

As an initial matter, Affatato's argument operates on a faulty premise because he assumes, incorrectly, that there was no express waiver of the right to a jury trial in this case. As previously noted, Affatato on two occasions expressly requested or affirmatively joined a request to have the contempt motion placed on a non-jury calendar. In any event, we recognized in *Goss v. Bayer*, 184 Ga. App. 730, 731-732 (2) (362 SE2d 768) (1987), that *Henderson* must be limited to its facts and must otherwise yield to Supreme Court of Georgia precedent holding that, in addition to an express waiver in the manner set out by statute, the right to a jury trial can be impliedly waived by conduct. See *Holloman v. Holloman*, 228 Ga. 246, 247-248 (1) (184 SE2d 653) (1971). See also *Wilson v. Wilson*, 282 Ga. 728, 734 (7) (653 SE2d 702) (2007); *Fine v. Fine*, 281 Ga. 850, 851-852 (2) (642 SE2d 698) (2007); *Barner v. Binkley*, 304 Ga. App. 73, 75 (3) (695 SE2d 398) (2010). Accordingly, contrary to Affatato's assertion, a litigant may impliedly waive the statutory right to a jury trial by his conduct, which, at the very least, is what occurred in this case. The trial court, therefore, did not err in failing to submit the issue of financial inability to the jury.

2. Affatato next contends that there was insufficient evidence to sustain the trial court's finding that his failure to timely make the ordered payments was based upon a willful disobedience of the court's prior order rather than financial inability. We disagree.

Financial inability to pay is a defense to criminal contempt for violation of an order requiring the payment of funds. *Harrell v. Federal Nat. Payables*, 284 Ga. App. 395, 398 (3) (643 SE2d 875) (2007). The burden is on the contemnor to prove that he was financially unable to make the ordered payment. *Hamilton Capital Group v. Equifax Credit Information Svcs.*, 266 Ga. App. 1, 4 (2) (596 SE2d 656) (2004).

> Inability to pay is a defense only where the contemnor demonstrates that he has exhausted all resources and assets available and is still unable to secure the funds necessary to enable compliance with the court's order. He must show clearly that he has in good faith exhausted all the resources at his command and has made a diligent and bona fide effort

---

[6] Affatato also cites to *Gregson & Assoc. v. Webb,* 143 Ga. App. 276 (238 SE2d 274) (1977), but that case addressed whether a local county act pertaining to demands for jury trial was controlling under the circumstances of that case. It did not address the issue of implied waiver of such a demand.

> to comply with the order of the court, and that he cannot borrow sufficient funds to comply with the obligation.

(Citations and punctuation omitted.) *Darroch v. Willis*, 286 Ga. 566, 569 (2) (690 SE2d 410) (2010). Furthermore, inability to pay caused by the contemnor's own misconduct is not a defense to criminal contempt. See *Turner Advertising Co. v. Garcia*, 252 Ga. 101, 103 (2) (311 SE2d 466) (1984); *Kace Investments, L.P. v. Hull*, 278 Ga. App. 477, 484-485 (2) (629 SE2d 26) (2006). Guided by these principles, we turn to the record here.

(a) The Sanctions Order required Affatato "to cause Model Master to pay" $69,811.06 in business funds over to Considine by a specified deadline in order to reimburse her for back salary, a portion of her attorney fees, and other items. Affatato never caused Model Master to make all of the ordered payment of business funds to Considine. His failure in this regard formed the basis for the first count of criminal contempt.

At the evidentiary hearing, Affatato testified that he could not cause Model Master to pay over the ordered business funds because the company was not in a financial position to make the payment. On cross-examination, however, Affatato conceded that over $870,000 had passed through the accounts of Model Master since the appointment of the receiver, with over $80,000 in funds being present at times in the business account. Considine presented documentary evidence that likewise demonstrated that a substantial amount of revenue flowed through Model Master during the relevant time period. Additionally, Considine presented evidence that Affatato had transferred business funds out of Model Master's account without the approval of the receiver, and that Affatato had secretly transferred expensive business equipment of Model Master to a new business venture with which he was affiliated.

After hearing the conflicting evidence, the trial court chose not to credit Affatato's testimony that there were insufficient funds to pay Considine out of Model Master's account. As such, the trial court held Affatato in criminal contempt for willfully refusing to cause Model Master to make the payment to Considine.

"The question of whether a contempt has occurred is for the trial court, and its determination will be overturned only if there has been a gross abuse of discretion." (Citation omitted.) *Harrell*, 284 Ga. App. at 398 (3). Moreover, a trial court in a contempt action "is vested with broad discretionary power when the evidence is conflicting," (citation omitted), *Pate v. Pate*, 280 Ga. 796, 798 (4) (631 SE2d 103) (2006) and it is the role of the trial court, not the appellate courts, to assess the credibility of the witnesses. *Reece v. Smith*, 292 Ga. App. 875, 877 (1) (665 SE2d 918) (2008).

Given the conflicting evidence as to whether Model Master had sufficient funds to pay Considine, there was no manifest abuse of discretion by the trial court. While Affatato argues that the substantial revenue that flowed through Model Master's account was needed to pay off other company debts, there was nothing in the Sanctions Order that gave Affatato authority to prioritize third-party creditors over the payment to Considine ordered by the trial court. Furthermore, even if Model Master was financially unable to make the ordered payment, there was evidence from which the trial court could have found that this financial inability was caused by Affatato's own unauthorized taking of business assets. In light of such misconduct, inability to pay would not serve as a defense to Affatato. See *Turner Advertising Co.*, 252 Ga. at 103 (2); *Kace Investments, L.P.*, 278 Ga. App. at 484-485 (2). The trial court thus committed no error in finding Affatato guilty of the first count of criminal contempt.

(b) The Sanctions Order also required Affatato to pay over $20,000 in discovery sanctions and prior contempt fines to Considine by a specified deadline "out of his personal funds and not the funds of Model Master." Affatato made the ordered payment of discovery sanctions and contempt fines, but not until after the court-imposed deadline and only on the eve of the originally-scheduled contempt hearing. His delinquent payment formed the basis for the fourth count of criminal contempt.

At the evidentiary hearing, Affatato testified that he was unable to make the ordered payment within the court-imposed deadline because he lacked the personal funds to do so until his parents later loaned him the money when they learned that he faced the risk of incarceration. The trial court, however, found that Affatato could have obtained the loan from his parents prior to the court-imposed deadline, noting that if he "has it now," he could have "had it before." Accordingly, the trial court concluded that Affatato's failure to make the ordered payment in a timely manner was the result of a willful refusal to pay rather than financial inability.

The trial court did not grossly abuse its discretion in finding Affatato guilty of the fourth count of criminal contempt. While Affatato testified that his parents offered him the loan when they learned that he faced the risk of incarceration, he could have easily informed them of this risk before the court-imposed deadline for making the payment, given that the Sanctions Order itself made clear that the failure to comply with its payment provisions could lead to the imposition of criminal contempt sanctions. His own negligence in failing to more timely inform his parents of this risk cannot serve as a defense to the finding of criminal contempt. See *Turner Advertising Co.*, 252 Ga. at 103 (2); *Kace Investments, L.P.*,

278 Ga. App. at 484-485 (2). Consequently, the trial court committed no error in finding that Affatato had the financial ability to make the ordered payment within the court-imposed deadline. See *Darroch*, 286 Ga. at 569 (2) (noting that a contemnor is not financially unable to make a court-ordered payment if he has access to borrowed funds).[7]

3. Lastly, Affatato contends that his conviction on the second count of criminal contempt for failure to pay must be reversed because there was no clear and definite court order requiring that payment. We agree.

As noted, the Sanctions Order required Affatato to cause Model Master to pay $69,811.06 in business funds over to Considine in order to reimburse her for a portion of her attorney fees and other items. It was later discovered, however, that Considine was entitled to reimbursement for an additional $31,000 in attorney fees. The trial court found Affatato guilty of a second count of criminal contempt for failure to cause Model Master to pay that additional amount in violation of its prior order.

The trial court abused its discretion in finding Affatato guilty of the second count of criminal contempt.

> Before a person may be held in contempt for violating a court order, the order should inform him in definite terms as to the duties thereby imposed upon him, and the command must therefore be express rather than implied. Furthermore, the very nature of the proceeding in either civil or criminal contempt for an alleged disobedience of a court order requires that the language in the commands be clear and certain.

(Citations and punctuation omitted.) *Hall v. Nelson*, 282 Ga. 441, 444 (3) (651 SE2d 72) (2007). See *Farris v. Farris*, 285 Ga. 331, 333 (1) (676 SE2d 212) (2009); *Cabiness v. Lambros*, 303 Ga. App. 253, 255 (1) (692 SE2d 817) (2010). The Sanctions Order did not require Affatato to pay or cause Model Master to pay the additional $31,000. Moreover, while the Consent Order required *Model Master* to reimburse Considine for certain of her attorney fees, it contained no provision ordering Affatato (rather than the appointed receiver) to effectuate the reimbursement in his personal capacity or on behalf of

---

[7] We also note that there was evidence presented at the hearing that Affatato received a salary of several thousand dollars a month from Model Master following the appointment of the receiver; had been reimbursed by Model Master for $49,000 in credit card bills; and had a hidden safety deposit box stashed with gold and silver. This evidence also would have supported a finding that Affatato had the financial ability to make the ordered payment, irrespective of whether he had received a loan from his parents.

the company. Because there was no clear and definite order requiring Affatato to effectuate the payment of the additional $31,000 to Considine, Affatato's failure to do so could not form the basis for a finding of criminal contempt against him by the trial court. See *Cabiness*, 303 Ga. App. at 255 (1). It follows that his conviction for the second count of contempt must be reversed, his sentence vacated, and the case remanded for resentencing on the remaining counts.

*Judgment affirmed in part, reversed in part, and vacated in part, and case remanded for resentencing. Barnes, P. J., and Senior Appellate Judge G. Alan Blackburn concur.*

DECIDED AUGUST 30, 2010.

*Ichter Thomas, James J. Thomas II*, for appellant.
Cecily Considine, *pro se*.